ASAHEL GAGE

*v.*

JOHN T. DAVIS.

*Filed at Ottawa June 15, 1889.*

1. NOTICE *of tax sale and time of redemption—requirement, as to whether for a tax or a special assessment.* A notice of a tax purchase addressed "To . . . . . . . ., or whom it may concern," stating that on September 13, 1873, A B purchased, and afterwards assigned the certificate of purchase to the party giving the notice, "at a sale of lots and lands for taxes and special assessments, authorized by the laws of the State of Illinois, the following described real estate, taxed in the name of W. B., to-wit:" (describing same,) and concluding : "Said taxes and assessments were levied for the year 1872, and that the time of redemption thereof from said sale will expire on the 13th day of September, 1875:" *Held,* that the notice was fatally defective in failing to state whether the lots were sold for a tax or special assessment, and that the words used could not be construed to mean both taxes and special assessments.

2. SAME—*notice giving wrong date as to time when redemption expires.* The provisions of the statute requiring the purchaser at tax sale, or his assignee, to notify the person in possession of the lands, when the time of redemption will expire, is imperative, and a notice which specifies a wrong date can not be regarded as any notice at all.

3. TAX SALE—*time of redemption—when the last day of the two years falls on a Sunday.* A tax sale of land took place November 3, 1876, and two years thereafter, November 3, 1878, fell on a Sunday: *Held,* that the time of redemption did not expire until November 4, 1878, the case falling within the rule of the statute, that the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it, also, shall be excluded.

4. CROSS-ERRORS — *when necessary.* If the appellee is dissatisfied with the ruling of the court below, he can only call the decision in question by the assignment of cross-errors.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

The statute (clauses 10 and 11, sec. 1, chap. 131, Rev. Stat. 1874,) in relation to the computation of time has no bearing on this case, for these reasons:

*First*—The statute fixes the time of redemption at two years from the date of sale, which may or may not be a Sunday, according to circumstances, and to say that it did not expire within that time, is repugnant to the statute limiting the right to two years.

*Second*—The time of redemption would logically have to expire on the day specified,—Sunday,— before the law cited could be called into requisition, for unless the last day,—that is, the day when redemption expired,—fell on Sunday, said clause 11 would and could have nothing to act upon.

*Third*—The act relied upon can have no application to the case at bar, as it only refers to the computation of the time within which an act is required to be done; and the only act required to be done here is the serving of the tax-sale notice, at least three months before the time of redemption would expire, and this was done in the case at bar several days before the last day. The law did not require the owner to redeem.

Mr. JOHN P. WILSON, and Mr. FRANKLIN P. SIMONS, for the appellee:

The validity of a tax title depends upon a strict compliance with the statute. *Altes* v. *Hinckler*, 36 Ill. 265; *Marsh* v. *Chestnut*, 14 id. 223; *Holbrook* v. *Dickinson*, 46 id. 285; *Gage* v. *Mayer*, 117 id. 633.

The first sale of the premises on September 13, 1873, was to Henry H. Gage, for the "State and county taxes." The property was again sold the same year, on October 31, 1873, to Burley, for the taxes of the city of Chicago, so that the time of redemption did not expire until October 31, 1875. *Gage* v. *Bailey*, 100 Ill. 536.

The notice of this sale is also defective in not stating whether the property was sold for taxes or for special assessments. It states that Gage purchased the property in question "at a sale of lots and lands for taxes and special assessments," taxed in the name of William Betts. Said taxes and assessments were levied for the year 1872. The last clause relates back for the purpose of defining the scope of the general sale, and was not intended to state that this particular property was sold for both taxes and assessments. *Gage* v. *Waterman*, 121 Ill. 115.

As to the lots sold November 3, 1876, the notice fails to give the correct time at which the redemption would expire. It fixes the time on November 3, 1878, which was a Sunday, and consequently the time expired on November 4, 1878. Rev. Stat. chap. 100, sec. 6, and chap. 131, sec. 1, clause 11.

Per CURIAM: This is a bill filed by appellee to set aside two tax-deeds. The court below rendered a decree in accordance with the prayer of the bill, and from such decree appellant appeals to this Court.

The first deed was properly set aside because of the insufficiency of the following notice:

"To . . . . . . . . ., or whom it may concern:

"This is to notify you, that, on the 13th day of September, 1873, Henry H. Gage purchased, and afterwards assigned the certificate of purchase to the undersigned, at a sale of lots and lands for taxes and special assessments, authorized by the laws of the State of Illinois, the following described real estate, taxed in the name of Wm. Betts, towit: (except street) sublot 4, all of sublots 5 and 6 of Lots 13, 15, 16 and 17 in Block 2 west part of Samuel Ellis' Addition to Chicago; said taxes and assessments were levied for the year 1872; and that the time of redemption thereof from said sale will expire on the 13th day of September, 1875. ASAHEL GAGE."

Section 216 of the Revenue Act requires the purchaser at a tax sale, or his assignee, to serve or cause to be served a notice, which shall state when such purchaser "purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased; for what year taxed or specially assessed; and when the time of redemption will expire."

The notice above quoted fails to state whether the lots were taxed or specially assessed. It does not inform the owner whether his lots were sold for a tax or special assessment. It merely tells him, that his lots were sold at a general sale of lots and lands for taxes and special assessments levied for the year 1872. The words: "said taxes and assessments were levied for the year 1872": refer back to and define the sale at which the lots in question were sold, but such words cannot be construed to mean that the lots were sold on September 13, 1872, for both taxes and special assessments. For these reasons the notice was insufficient under our rulings in *Gage* v. *Waterman,* 121 Ill. 115, and *Stillwell* v. *Brammell,* 124 id. 338.

The second tax-deed was issued to appellant on July 16, 1879, in pursuance of a tax sale on November 3, 1876, for the fourth installment of the South Park assessment. No objection is made to any of the proceedings prior to the sale. But it is said that the notice served on the occupant of the premises, in which he was notified that the right to redeem would expire on the third day of November, 1878, was insufficient, for the reason that the third day of November, 1878, was Sunday, and hence that day should have been excluded in computing the time the owner was entitled to redeem. This position is predicated on two provisions of the Revised Statutes of 1874, as follows:

Section 6, chapter 100: "In computing the time for which any notice is to be given, whether required by law, order of the court or contract, the first day shall be excluded and the last included, unless the last day is Sunday, and then it also shall be excluded."

Section 1, clause 11, chapter 131: "The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

Section 5, article 9, of the constitution, provides that the right of redemption from tax sales of real estate shall exist in favor of the owner for a period of not less than two years from the date of such sales. Section 210, chapter 120, of the Revised Statutes, provides that lands sold for taxes may be redeemed at any time before the expiration of two years from the date of sale. The redemption of lands from a sale for taxes is an act authorized to be done by law,—an act that seems to fall directly within the terms of the statute. If we are correct in this, then, as November 3, 1878, was Sunday, the time provided for redeeming the lands sold on November 3, 1876, did not expire until November 4, 1878. The provision of the statute requiring the purchaser at the tax sale, or his assignee, to notify the person in possession of the lands when the time of redemption will expire, is imperative, and a notice which specifies a wrong date can not be regarded as any notice whatever, within the meaning of the statute. (*Wisner* v. *Chamberlin*, 117 Ill. 568.) From what has been said, it follows, that the deed issued on the sale of 1876 was illegal, and passed no title.

It is insisted in the argument of appellee, that the amount the court required the complainant to pay as a condition precedent to vacating the deeds was too large. The appellee, however, has assigned no cross-errors, and that question does not arise on the record. If he was dissatisfied with the decision of the court, he could only call the decision in question by the assignment of cross-errors, which has not been done.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*