(No. 32891.—

SILAS GAITHER, Appellee, *vs.* TROY LAGER, Appellant.

*Opinion filed March 17, 1954.*

LEWIS & LEWIS, of Benton, for appellant.

WILLIAM G. EOVALDI, of Benton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This cause involves an action which was commenced in the circuit court of Franklin County by Silas Gaither, the appellee, against Troy Lager, the appellant, to obtain possession of twenty-five acres of land in that county, to which land appellee claims title under a tax deed issued pursuant to a tax sale. Appellant, on the other hand, was

admittedly the owner in actual possession by chain of title from the government having acquired the land by a master's deed in 1920. The cause was tried by the court which found for the appellee and ordered a writ of possession to issue. Appellant has perfected a direct appeal to this court and, since the issues raised and decided in the lower court required a determination of title, a freehold is involved so as to give us jurisdiction.

The facts are not in dispute and the proofs, which are solely documentary, show that the land was sold at a tax sale conducted under section 235a of the Revenue Act, which is commonly known as the "Scavenger Act" and relates to the sale of lands upon which all or a part of the general taxes for each of ten years or more are delinquent. (Ill. Rev. Stat. 1945, chap. 120, par. 716a; Jones Ann. Stat. 119.732(1).) The purchaser was Roy Dye, Trustee for Franklin County, who received a certificate of purchase dated October 9, 1945, which recited that the land sold was assessed in the name of appellant and that it was sold for taxes due for "1943 and prior years" in the amount of $92.91. Dye assigned the certificate to appellee "for value received" on November 5, 1945. Thereafter, on June 11, 1947, more than three months before the expiration of the period of redemption, appellee served a personal notice on the owner, as the statute requires, and, in addition, caused notice of his purchase to be published in a newspaper for three consecutive weeks commencing with May 26, 1947. When no redemption was made within the statutory period, appellee executed an affidavit of compliance, which is likewise required by the act, and applied to the county clerk for a deed. The clerk issued a tax deed to appellee on October 21, 1947, following which, the latter served a demand for possession on appellant and subsequently started this proceeding.

For the appellant, it was stipulated that he is the owner in actual possession by chain of title from the government,

subject only to appellee's tax deed. Exhibits introduced in appellant's behalf disclose that he took title to the land by a master's deed in 1920 and that he paid the real estate taxes thereon for the years 1927, 1946, 1949 and 1950.

Simply stated, the sole issue is whether appellee's tax deed is sufficient to overcome the title of appellant. It is appellant's contention that the deed is void because the notice given by appellee to appellant prior to the expiration of the redemption period did not comply with section 263 of the Revenue Act, (Ill. Rev. Stat. 1945, chap. 120, par. 744;) second, because the affidavit of compliance did not meet the requirements of section 265 of the Revenue Act, (Ill. Rev. Stat. 1945, chap. 120, par. 746;) and, third, that the tax deed is not evidence of title in the absence of proof that the land had been sold under a valid precept issued by the county clerk (see: Ill. Rev. Stat. 1945, chap. 120, par. 720,) or pursuant to a valid judgment entered by the county court. Appellee, for his part, urges that he sufficiently complied with the statute in the respects complained of and, in addition, advances the general argument that the Scavenger Act (par. 716a,) manifests a change of the public policy for this State with reference to tax deeds issued on sales of real estate where the general taxes have not been paid for ten years or more, such change being evidenced by the legislative direction at the conclusion of the act in these terms: "This section shall be liberally construed so that the deeds herein provided for shall convey mechantable title." Appellee interprets this language as meaning first, that the strict rules of statutory compliance which have been enforced against tax buyers should be relaxed when applied to sales conducted under the Scavenger Act and, second, that once a deed is issued under the act, the legislature intended it would convey merchantable title without the necessity of proving the conditions necessary to its issuance. In making these contentions appellee points out that the legislature has been

confronted with the problems of solving a difficult tax situation, wherein taxing authorities have been denied tax income from innumerable properties and where delinquent taxes often exceed the fair market value, and he interprets the Scavenger Act as an effort to effect a speedy and inexpensive method of clearing up tax delinquencies and restoring properties to tax rolls. The present case is pointed to as depicting an example of the evil sought to be remedied, for, as far as the record shows, appellant paid no taxes on his property from the year 1928 until 1947, and then not until appellee had his tax deed which appellant neither sought to prevent nor attack until this collateral proceeding.

While we take judicial notice of the harassment and inequities that are caused by those who do not pay their taxes, and share in the belief that the legislature had evidenced an intent to change the public policy with respect to deeds issued pursuant to sales of real estate where the general taxes have not been paid for ten years or more, we are not inclined to agree, as appellee urges, that the liberal construction directed forecloses any inquiry, once the tax deed has been issued, into compliance with the conditions imposed by the Scavenger Act and the other sections of the Revenue Act which have been incorporated into it. Despite the policy urged by the legislature, there remains the mandate of section 5 of article IX of the Illinois constitution, which expressly pertains to *all* sales of real estate for nonpayment of taxes, that "reasonable notice" be given "to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires." Regardless, therefore, of how derelict appellant may have been in paying his taxes, the right afforded him by the constitution may neither be denied him nor forfeited by any legislative declaration of public policy

and, when the question is presented, it is incumbent upon this court to inquire if the direction of the constitution has been met. As stated in *Gage* v. *Bailey,* 100 Ill. 530, compliance with this requirement of the constitution is an indispensable condition precedent to the right to make a deed. We therefore find no merit to appellee's contention that the issuance of a deed under the Scavenger Act operates to estop an inquiry into the process by which the deed was obtained. Indeed, in *Brown* v. *Miner,* 408 Ill. 123, wherein we reiterated the holding of *Sawicki* v. *Clemons,* 408 Ill. 55, that the notice required by the Scavenger Act is mandatory, we inquired into compliance with the conditions imposed by the act in a proceeding to reform the tax deed.

While we have stated that the requirement of notice in the act is mandatory, and believe that the same rule attaches to all the conditions therein imposed upon one who seeks a tax deed, it is, at the same time, apparent that no unalterable rules for compliance can be fixed and that each case must be determined upon its own facts and circumstances.

One of the chief defenses interposed by appellant is that the notice given him, in attempted compliance with the act, is defective in that it does not show for what year's tax the land was sold and that it does not specify whether the sale was for general taxes or special assessments or either. The notice directed by section 5 of article IX of the constitution has been provided for by the General Assembly in section 263 of the Revenue Act, and it is the giving of the notice in the terms therein set forth which has been made one of the conditions precedent to obtaining a deed under the Scavenger Act. Insofar as pertinent, the requirements of section 263 are as follows:

"Hereafter no purchaser or assignee of such purchaser of any land, town or city lots at any sale of lands, or lots, for taxes or special assessments * * * shall be entitled

to a deed for lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser, or assignee shall serve or cause to be served a written or printed, or partly written or partly printed notice of such purchase on every person in actual possession or occupancy of such land or lot; also upon the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he or she can be found in the county, and also upon the owners of or parties interested in said land or lot, including trustees or mortgagees of record, if they can upon diligent inquiry be found in the county. Such notices shall be served at least three months before the expiration of the time of the redemption on such sale. *In such notices the purchaser, or his assignee, shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased; for what year taxed or specially assessed, and when the time of redemption will expire.* [Emphasis ours.] If no person is in possession or occupancy of such land or lot, * * * then such person, or his assignee shall publish such notice in some newspaper" * * *. Ill. Rev. Stat. 1945, chap. 120, par. 744.

In construing and applying this section and its antecedents, enacted to carry out the mandate of the constitution, we have held that strict compliance with its provisions is necessary to the creation of a valid tax title. (*Clark* v. *Zaleski,* 253 Ill. 63; *People* v. *Banks,* 272 Ill. 502; *Palmer* v. *Riddle,* 180 Ill. 461.) Generally speaking, it has been held that the notice must contain every essential statutory element, and, if one is omitted, the deed issued pursuant thereto will be absolutely void. *Thomas* v. *Durchslag,* 404 Ill. 581; *People* v. *Banks,* 272 Ill. 502; *Wright* v. *Glos,* 264 Ill. 261.

The notice given in the present case, which appellant claims to be defective and which appellee contends is sufficient, was, omitting the acknowledgment, as follows:

"TAX PURCHASER'S NOTICE (Sec. 235a)

June 11, 1947

To Troy Lager

You are Hereby Notified, That at a sale of Real Estate made by the Co. Treasurer at the Court House, in the City of Benton, County of Franklin and State of Illinois on the 9th day of October, A.D. 1945, Roy Dye, Trustee purchased the following described Real Estate, situated in said County, and that said sale has been confirmed by an order of the County Court of said County, all pursuant to Section 235a of the Revenue Act:

| To Whom Assessed | Part of Section or Block | Sec | Town | R. | Acres |
|---|---|---|---|---|---|
| Troy C. Lager | South 25 A NW SW | 15 | 7 | 4 | 25 |

And that the Certificate of Purchase was afterwards duly assigned to me.

And that the time allowed by law for the redemption of said Real Estate will expire on the 9th day of October, A.D. 1947.

Silas Gaither."

It will be seen that the notice does not state for what year or years the taxes were assessed, nor does it show whether the land was sold for general taxes or special assessments as section 263 expressly requires. The omission of either or both of such elements has been held to render the notice totally defective and a title based thereon to be void. *Harrell* v. *Enterprise Savings Bank,* 183 Ill. 538; *Bailey* v. *Smith,* 178 Ill. 72; *Gage* v. *Webb,* 141 Ill. 533; *Gage* v. *Bani,* 141 U.S. 344, 35 L. ed. 776.

While admitting that the cited authorities control in other tax sales, appellee contends that they have no application to a notice given under the Scavenger Act because of the legislative direction that the act is to be liberally construed. It is our opinion, however, that the established rules of statutory construction do not admit of such a conclusion. The Scavenger Act is entitled an amendatory act (Laws of 1943, vol. 1, p. 1075,) and it is well settled that an amendatory act is to be construed as continuing in effect the unchanged portions thereof. (*People ex rel. Nelson* v. *Wiersema State Bank,* 361 Ill. 75; *Village of Glencoe* v. *Hurford,* 317 Ill. 203; Ill. Rev. Stat. 1945, chap. 131,

par. 2; Jones Ann. Stat. 27.14.) The same cases point out that the re-enactment of a statute which has been judicially construed is an adoption of the construction, unless a contrary intent clearly appears. In the Scavenger Act, the legislature, without making exception or modification, or prescribing a different form of notice, ordained that the notice required by section 263 was the one to be given by purchasers under the act. Section 263 was then in existence and had an established and unambiguous meaning, which facts the legislature is presumed to have known before incorporating the requirement for such notice in the Scavenger Act. (*People ex rel. Brenza* v. *Jasper,* 1 Ill. 2d 238; *Giebelhausen* v. *Daley,* 407 Ill. 25.) We think it manifest, therefore, that despite the liberal construction directed, it was the legislative intent that the notice given by purchasers under the Scavenger Act should contain the essential elements prescribed by section 263. To hold otherwise would be to construe the legislative intent to be that one construction should be given to section 263 when it applied to ordinary tax sales and yet another construction when it applied to sales under the Scavenger Act. We cannot read such a double construction into the language of a statute which, without stating more about the vital essential of notice, expressly provides that the holder of a certificate of purchase from a sale conducted under the Scavenger Act "shall give notice as required by section 263" of the Revenue Act. Effect must be given to the entire expression of the legislature, and we do not, therefore, construe the statement relating to liberal construction as completely nullifying the express conditions as to notice.

Appellee urges that the notice given in this case is sufficient, under a liberal construction, to meet the direction of the Scavenger Act. It is argued that the notice informed the appellant, who had had prior notice by publication of the county's intention to apply for judgment for the sale

of his land, of the following: (1) that the county court had entered judgment against him for such taxes, interest, penalties and costs as were included in the notice published by the county; (2) that appellant had an opportunity to object and to have a hearing prior to the entry of judgment against him; (3) that his real estate had been sold by the county collector to the highest bidder for cash; (4) that a certificate of purchase was issued to the purchaser; (5) that if he did not redeem from such purchase within two years after sale the county clerk would issue a deed to the owner of the certificate; and (6) that any deed issued under section 235a (the Scavenger Act) would convey merchantable title. While these elements may be read into the notice by imputing to appellant knowledge of the terms of the act, it is our opinion that the notice itself and none of the elements listed by appellee, are sufficient to even show substantial compliance with the mandate of the constitution that "reasonable" notice be given, or with the direction of section 263 that the notice should contain a statement by the holder of the certificate of purchase revealing for what year's taxes or special assessments the land was sold. Not even by the most liberal construction could we say that appellant was informed as to whether the sale had been for taxes or special assessments or for what year's taxes or assessments the land was sold, for the notice is completely lacking with respect to both elements. In fact, so artlessly is the notice drawn that the words "tax" or "taxes" do not appear at any place in the body of the instrument nor, other than a naked reference to section 235a of the Revenue Act, does it inform appellant that the sale of his land was for delinquent taxes. Such a notice cannot be said to be the reasonable notice contemplated by the constitution.

In buying property at a tax sale, the purchaser buys with full knowledge of the statutory conditions and of the hazards assumed by him. (*Lawton* v. *Sweitzer*, 354 Ill.

620.) Here, the direction of the Scavenger Act that the notice required by section 263 is a condition precedent to the issuance of a valid deed is clear and direct and such an express provision cannot be said to have been nullified by the later expressed policy of liberal construction. We conclude, therefore, that appellant's failure to comply with the conditions of the act by including all of the essential elements of notice prescribed by section 263 renders his notice fatally defective and his tax deed void.

While appellee has not pursued the point to any great extent in the briefs filed in this court, it should be remarked that the defects in the personal notice given appellant, as the owner in actual possession, were not cured by the notice by publication which appellee caused to be published in a newspaper. Apart from the circumstance that notice by publication was admittedly surplusage under the facts of this case, the direction of both the constitution and of section 263 is that the "occupants" of lands sold for taxes shall be served with "personal" notice.

For the reasons stated, the judgment of the circuit court of Franklin County is reversed.

*Judgment reversed.*