**2022 IL 126929**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126929)

*In re* APPLICATION OF THE COUNTY COLLECTOR, for Judgment and
Order of Sale Against Lands and Lots Returned Delinquent for
Nonpayment of General Taxes for the Year 2014 and
Prior Years (Blossom63 Enterprises, LLC, Appellee,
v. Devonshire, LLC, Appellant).

*Opinion filed March 24, 2022.*

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1     On February 15, 2018, GAN C, LLC (GAN C), filed a petition for a tax deed to acquire property it purchased at Cook County's 2016 annual tax sale for the tax year 2014. On April 24, 2018, GAN C assigned its interest in the property to

Blossom63 Enterprises, LLC (Blossom63). On May 6, 2018, 6420 Longmeadow LLC, the owner of the property, transferred its interest in the property to Devonshire, LLC (Devonshire). On May 17, 2018, Devonshire filed a petition to intervene in the tax deed proceedings and moved to vacate Blossom63's tax deed on the ground Blossom63 failed to strictly comply with the notice requirements of the Property Tax Code (Tax Code). 35 ILCS 200/22-5, 22-10 (West 2016). On May 18, 2018, the circuit court of Cook County granted the petition for a tax deed, and the county clerk for Cook County issued Blossom63 a tax deed to the subject property. On June 19, 2019, the circuit court granted Devonshire's motion to vacate the order issuing a tax deed to Blossom63. The appellate court reversed, finding Blossom63's notice strictly complied with section 22-5 of the Tax Code. See 2020 IL App (1st) 191464, ¶ 29. On March 24, 2021, we allowed Blossom63's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Oct. 1, 2020)) and now affirm the judgment of the appellate court.

¶ 2                                    I. BACKGROUND

¶ 3        On June 3, 2016, GAN C purchased the delinquent property taxes on "Unit A" in a commercial condominium building in Lincolnwood at Cook County's annual tax sale for the tax year 2014. At the time of the tax sale, 6420 Longmeadow LLC owned the property. GAN C also paid the second installment on the 2013 property taxes on the condominium to complete the sale. See 35 ILCS 200/21-240 (West 2016). Section 21-240 of the Tax Code requires a purchaser at an annual tax sale (1) to pay, "forthwith," the taxes, special assessments, interest and costs advertised for the tax sale and (2) to pay, "within 10 days after the sale," the general taxes charged on the land remaining due and unpaid not included in the advertisement. *Id.* When payment is made, the "purchaser then shall be entitled to a certificate of purchase." *Id.*

¶ 4        On September 16, 2016, the county clerk for Cook County issued a certificate of purchase to GAN C for the property pursuant to section 21-250 of the Tax Code. See *id.* § 21-250. The certificate of purchase states GAN C purchased the property for the taxes, interest, and costs due and unpaid for the tax year 2014 and that it paid as purchase money on the property the total amount of taxes, interest, and costs. The certificate of purchase states GAN C paid $40,300.02 in general tax for

2014 and $6762.55 in general taxes for the 2013 second installment plus fees, for a total of $47,309.57.

¶ 5    On September 27, 2016, GAN C delivered a notice of sale form, pursuant to section 22-5 of the Tax Code (the notice of sale form provision), to the county clerk for Cook County for delivery. See *id.* § 22-5. Section 22-5 provides that to be entitled to a tax deed, "within 4 months and 15 days after any sale held under this Code, the purchaser or his or her assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed." *Id.* GAN C's section 22-5 notice of sale form, on the line "Sold for General Taxes of (year)," read "Sold for General Taxes of 2014."[1] The section 22-5 notice of sale form listed March 29, 2017, as the date the period to redeem the property would expire and listed $47,340.01 as the amount needed to redeem the property.

¶ 6    On April 11, 2017, GAN C filed a notice, pursuant to section 22-10 (the notice of expiration of period of redemption form), with the county clerk for Cook County. See *id.* § 22-10.[2] Section 22-10 provides that

> "[a] purchaser or assignee shall not be entitled to a tax deed to the property sold unless, not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property." *Id.*

GAN C's section 22-10 notice of expiration of period of redemption form, on the line "Sold for General Taxes of (Year)," read "2014 (2013 Incld)." See Appendix II, *infra* ¶ 56. The section 22-10 notice of expiration of period of redemption form stated the period of redemption would expire on September 13, 2017.

---

[1]The section 22-5 notice of sale form notice is attached to this opinion and will be referred to as Appendix I. See Appendix I, *infra* ¶ 55.

[2]The section 22-10 notice of sale form notice is attached to this opinion and will be referred to as Appendix II. See Appendix II, *infra* ¶ 56.

¶ 7                                   A. Circuit Court

¶ 8         On February 15, 2018, GAN C filed an application in the circuit court of Cook County for an order directing the county clerk to issue a tax deed. GAN C attached copies of its certificate of purchase, the section 22-5 notice of sale form, and the section 22-10 notice of expiration of period of redemption form to the application.

¶ 9         On April 24, 2018, GAN C assigned its rights and interest in the certificate of purchase to Blossom63. On May 6, 2018, 6420 Longmeadow LLC transferred its property to Devonshire by warranty deed. On May 17, 2018, Devonshire moved to intervene in the tax sale proceedings, and the circuit court granted its motion. On May 18, 2018, the circuit court entered an order to issue a tax deed to the property to Blossom63. Blossom63 recorded the tax deed to the property.

¶ 10        On June 14, 2018, Devonshire moved, pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2018)), to vacate the order issuing a tax deed to Blossom63 on the ground the section 22-5 and 22-10 notices failed to strictly comply with the Tax Code. On March 18, 2019, the circuit court granted Devonshire's motion to vacate on the ground Blossom63 failed to strictly comply with the notice requirement in section 22-5 of the Tax Code by listing only 2014 as the tax year sold without including the 2013 second installment taxes. The circuit court entered an order vacating Blossom63's tax deed and ordering Devonshire to pay interest on the amount it owed Blossom63 pursuant to section 22-80 of the Tax Code. See 35 ILCS 200/22-80 (West 2016). Section 22-80 of the Tax Code requires a party who is successful in a challenge to an order to issue a tax deed to pay the tax deed grantee, or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate), within 90 days after the date of the finding, the amounts delineated in section 22-80(b). See *id.* § 22-80(b). The parties disagreed on the amount of interest Devonshire had to pay to Blossom63. The circuit court agreed with Devonshire on the amount of interest it had to pay Blossom63 and ordered the funds deposited with the clerk of the circuit court pending appeal. Blossom63 appealed the circuit court's order vacating the judgment directing the county clerk to issue a tax deed.

¶ 11                                  B. Appellate Court

¶ 12    A divided panel of the appellate court found that the parties conceded that the Tax Code requires strict compliance with the section 22-5 notice requirements. 2020 IL App (1st) 191464, ¶¶ 19, 22; 35 ILCS 200/22-40(a) (West 2016). In the appellate court, Devonshire argued that (1) section 21-240 of the Tax Code required Blossom63 to pay the 2014 taxes and the outstanding second installment of the 2013 taxes to complete the sale and (2) the 2013 taxes were part of the tax sale and Blossom63 was required to list both the 2014 and 2013 taxes on Blossom63's section 22-5 notice of sale form. See 2020 IL App (1st) 191464, ¶ 25.

¶ 13    The appellate court found that the purpose of the first part of the section 22-5 notice of sale form requiring the tax purchaser to list the year of the property taxes purchased at the sale (" 'Sold for General Taxes of (year)' ") is to inform the property owner of the sale for delinquent taxes and specifically "requires the [purchaser] to list the tax year sold—2014, in this case." *Id.* ¶ 26. The appellate court found that the second part of the section 22-5 notice of sale form serves a different purpose: to advise the property owner of the need to redeem the property to avoid losing title and to inform the owner that the property will go to tax deed unless redeemed by a specified date for a specified sum of money. *Id.* ¶ 29. The appellate court held Blossom63 satisfied the purpose of the first part of the notice of sale form by listing 2014 as the tax year sold "as required by the form" without also listing prior years that had to be paid. *Id.* ¶ 27.

¶ 14    The appellate court also found that a completely separate section of the Tax Code, section 21-240, provides that the purchaser must pay all prior unpaid taxes to obtain a certificate of purchase. *Id.* ¶ 26. The appellate court held that "Blossom63 was required to pay the unpaid 2013 second installment to *complete* the 2014 tax sale purchase, but it did not *purchase* the 2013 taxes at the 2014 tax sale. So Blossom63 complied with the requirement that it list 'Sold for General Taxes of (year)' by listing 2014 only." (Emphases added.) *Id.* The court also held Blossom63 satisfied the purpose of the second part of the section 22-5 notice of sale form by "informing Devonshire that, by a specified date, it must pay $47,309.57, which includes both the 2014 and 2013 taxes," because that was the "information necessary to avoid the owner losing the property." *Id.* ¶ 29.

¶ 15    The dissenting justice found that "[t]he use of '(year)' on the [section 22-5 notice of sale form] *** refers to the 'year or years' for which the purchaser paid

the taxes." *Id.* ¶ 37 (Walker, P.J., dissenting). The dissent concluded that Blossom63's section 22-5 notice of sale form incorrectly represented that the collector sold the property for the 2014 taxes. According to the dissent, because the purchaser actually paid the 2014 and 2013 taxes, the section 22-5 notice of sale form did not strictly comply with the Tax Code. *Id.*

¶ 16 The parties also disagreed as to the amount Devonshire was required to pay Blossom63 pursuant to section 22-80. However, in light of its disposition, the appellate court found that Blossom63 prevailed on its tax purchase, no sale in error was declared, and Blossom63 was not entitled to any reimbursement under section 22-80. See *id.* ¶ 31 (majority opinion).

¶ 17                                   II. ANALYSIS

¶ 18                             A. The Standard of Review

¶ 19 The issue in this case—the tax year required on the "Sold for General Taxes of (year)" line of the section 22-5 notice of sale form—presents a question of statutory construction. See *In re Application of Skidmore*, 2018 IL App (2d) 170369, ¶ 10 (finding the question of whether using a property index number (PIN) as the certificate of sale number required by the section 22-5 notice of sale form strictly complied with section 22-5 of the Tax Code to be a question of statutory construction). The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 258 (2005) (*Dwyer*). The best evidence of legislative intent is the language of the statute, which should be given its plain and ordinary meaning. *Lakewood Nursing & Rehabilitation Center, LLC v. Department of Public Health*, 2019 IL 124019, ¶ 17. Because the statute is viewed as a whole, words and phrases must be construed in light of other relevant statutory provisions and not in isolation. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 493 (2009). Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 532 (1999). In determining legislative intent, a court may consider not only the language of the statute but also the reason and necessity for the law, the problems sought to be remedied, the purpose to be achieved, and the consequences of construing the statute one way or another. *Oswald v. Hamer*,

2018 IL 122203, ¶ 10. Further, we must presume that the legislature did not intend to enact a statute that leads to absurdity, inconvenience, or injustice. *Dwyer*, 214 Ill. 2d at 259. When an issue requires this court to construe or interpret the relevant statute, we conduct that review *de novo*. *In re Application for a Tax Deed*, 2021 IL 126150, ¶ 17.

¶ 20                              B. General Tax Sale Procedures

¶ 21                          1. Relevant Procedures Before the Sale

¶ 22      The sale of property for taxes is governed by article IX, section 8(a), of the Illinois Constitution. Ill. Const. 1970, art. IX, § 8(a). After taxes become delinquent in any year, the county collector begins by publishing an advertisement of a list of delinquent properties. 35 ILCS 200/21-110 (West 2016); Jeffrey S. Blumenthal & David R. Gray Jr., *Tax Bills and Payments; Tax Sales and Redemptions; Miscellaneous Collection and Enforcement Matters*, Real Estate Taxation: Assessments, Rate Challenges, and Tax Sale Matters § 6.21 (Ill. Inst. for Continuing Legal Educ. 2020) (hereinafter IICLE § 6.21). Section 21-110 of the Tax Code provides: "At any time after all taxes have become delinquent *in any year*, the Collector shall publish an advertisement, giving notice of the intended application for judgment and sale of the delinquent properties." (Emphasis added.) 35 ILCS 200/21-110 (West 2016). The advertisement of the list of delinquent properties serves as the process by which the court acquires jurisdiction over the properties. *People ex rel. Brenza v. Anderson*, 411 Ill. 252, 255 (1952) ("The record of delinquent property required by section 232 of the act serves as a declaration or complaint in the proceedings to obtain judgment for delinquent taxes, while the published notice serves as process."); see also IICLE § 6.21.

¶ 23                          2. Relevant Procedures at the Sale

¶ 24      At the "sale of property for taxes," the collector shall "proceed to offer for sale *** all property in the list on which the taxes, special assessments, interest or costs have not been paid." 35 ILCS 200/21-205(a) (West 2016). "The sale shall not be closed until payment is made or the property again offered for sale." *Id.* § 21-240. In Cook County, where the property at issue in this case is located, the purchaser at

a tax sale is only required to pay the taxes, special assessments, interest, and costs as advertised in the sale "forthwith." *Id.* However, the purchaser may also be required to pay the "general taxes *** remaining due and unpaid *** not included in the advertisement, *** within 10 days after the sale" or after receipt of a statement of back taxes. *Id.* Once the aforementioned payments are made the purchaser is "entitled to a certificate of purchase." *Id.* A certificate of purchase and the notices required by law are required for a purchaser to receive a tax deed to the property. See *id.* § 22-40(a) (section 22-40 provides the circuit court shall enter an order directing the county clerk to issue a tax deed "on the production of the certificate of purchase and a certified copy of the order").

¶ 25                   3. Relevant Procedures After the Sale

¶ 26        The owner or any person interested in the property sold at the tax sale has a right to redeem the property (*id.* § 21-345) for a specified period of time (*id.* § 21-350) by paying the amounts delineated by section 21-355 to the county clerk (*id.* § 21-355) in order to obtain a release of the purchaser's claim to the property by virtue of purchase, withdrawal, or forfeiture (*id.* § 21-390). The purchaser, or his or her assignee, may file a petition asking the circuit court to issue a tax deed for the property if the property is not redeemed. *Id.* § 22-30. To be entitled to a tax deed, the purchaser or assignee must also, within 4 months and 15 days after the tax sale, provide the county clerk with a notice of sale form to be given to the party in whose name the taxes were last assessed. *Id.* § 22-5 (section 22-5 notice). Section 22-5 of the Tax Code prescribes the form of the section 22-5 notice of sale form. See Appendix I, *infra*, ¶ 55.

¶ 27        The purchaser or assignee is not entitled to a tax deed unless the purchaser or assignee also sends the notice referenced in section 22-10 not less than three months nor more than six months prior to the expiration of the redemption period and gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property. 35 ILCS 200/22-10 (West 2016).

¶ 28        The judgment in a tax deed case is subject to attack as any other judgment in a nonjury case. *Dwyer*, 214 Ill. 2d at 270 ("the statute permits a direct attack, by postjudgment motion, pursuant to section 2-1203 of the Code of Civil Procedure"

(735 ILCS 5/2-1203 (West 2000))). If a challenge to the entry of a judgment directing the county clerk to issue a tax deed is successful, then the court's finding and order vacating the judgment ordering the clerk to issue a tax deed must also direct the party who successfully challenged that judgment to pay the tax deed grantee, or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate), within 90 days after the finding the amounts listed in section 22-80(b) of the Tax Code. 35 ILCS 200/22-80(b) (West 2016).

¶ 29                    C. The Section 22-5 Notice of Sale Form

¶ 30    Initially, we note that the purpose to be achieved by the section 22-5 notice of sale form is to protect property owners from losing their property in a tax sale, not to assist tax purchasers to obtain properties with delinquent taxes. See *id.* § 22-5; see also *In re Application of Rosewell*, 127 Ill. 2d 404, 409 (1989) ("In interpreting a statute that enforces a tax lien by selling the taxpayer's property, the general policy is to favor the property owner's rights."); *In re Application of County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶¶ 27-35 (*Glohry*) (conducting "a thorough review of the legislative history of [the notice] provisions" in the Tax Code). In *Glohry*, the appellate court concluded that "it is clear that the legislature's goal was to provide all necessary information to the owner to assist and encourage a tax assessee to redeem his property." *Glohry*, 2011 IL App (1st) 101966, ¶ 32. Based on the plain language of section 22-5 (the notice of sale form provision), the notice serves four purposes: to provide the property owner with (1) information pertaining to the fact of the sale, (2) the date when the period of redemption will expire, (3) the information that a petition for a tax deed will be filed if the property is not redeemed by a certain date, and (4) the total amount needed to redeem. 35 ILCS 200/22-5 (West 2016); see also *In re Application of the County Collector*, 225 Ill. 2d 208, 212 (2007) (*Lowe*).

¶ 31    This court has held that a petitioner for a tax deed must demonstrate strict compliance with the notice requirements in the Tax Code. *Clark v. Zaleski*, 253 Ill. 63, 74 (1911); *Skidmore*, 2018 IL App (2d) 170369, ¶ 10. Tax deed petitioners are required to use the form notice set forth in section 22-5 of the Tax Code, and the plain language of the statute requires that the section 22-5 notice of sale form must be " 'completely filled in.' " See *Skidmore*, 2018 IL App (2d) 170369, ¶ 10 (quoting

- 9 -

35 ILCS 200/22-5, 22-10 (West 2016)); Appendix I, *infra* ¶ 55. Therefore, we agree with the appellate court that, where the section 22-5 notice of sale form is complete and the information therein is accurate, strict compliance with section 22-5 has been shown. Compare 2020 IL App (1st) 191464, ¶ 23 (the purchaser complied with section 22-5), with *Gaither v. Lager*, 2 Ill. 2d 293, 303 (1954) (the purchaser failed to comply with the conditions of the act).

¶ 32                                   D. The Parties' Arguments

¶ 33        The issue Devonshire raises in its brief is whether section 22-5 of the Tax Code requires all delinquent tax years "included in the sale" to be listed on the section 22-5 notice of sale form. See Appendix I, *infra* ¶ 55. Devonshire maintains that Blossom63 failed to strictly comply with section 22-5 of the Tax Code when it failed to list both the 2014 and 2013 taxes on its section 22-5 notice of sale form. See Appendix I, *infra* ¶ 55. Devonshire maintains that section 22-5 requires specific information regarding the years of general taxes *paid* by the purchaser at the tax sale and in support notes that section 21-240 of the Tax Code requires full payment of all delinquent taxes—in this case for tax year 2014 and partial tax year 2013— to complete the purchase and entitle the purchaser to a certificate of purchase. Devonshire also cites *Gage v. Davis*, 129 Ill. 236 (1889) (*per curiam*), and *Gaither*, 2 Ill. 2d 293, in support of its position that the section 22-5 notice of sale form is intended to provide information regarding the actual years of taxes *paid* at the tax sale and not simply the year of the delinquent taxes purchased at the sale.

¶ 34        Blossom63 disagrees and maintains that, because a delinquent property may be subject to multiple tax sales for separate tax years, including for taxes that accrue after the sale, the purpose of the section 22-5 notice of sale form is to notify the last taxpayer (1) which tax sale to request an estimate of redemption for and (2) which tax sale year to redeem. Blossom63 maintains that the estimate of redemption, not the section 22-5 "Take Notice," serves to provide the information on all of the years associated with the tax sale.

¶ 35                          E. Application of Tax Sale Provisions and
                                  Section 22-5 to Parties' Arguments

- 10 -

¶ 36     To resolve the first issue, we begin by analyzing the language in the statute requiring the purchaser to list or provide the following information—"Sold for General Taxes of (year)"—on the section 22-5 notice of sale form. See *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 21 (in determining legislative intent, we may properly consider the statute's ultimate aim). The question for this court to determine is what tax years the legislature intended to be recorded on the section 22-5 notice of sale form when it directed the purchaser to list "Sold for General Taxes of (year)" in the section 22-5 notice of sale form. 35 ILCS 200/22-5 (West 2016). We note that the legislature included three headings in the section 22-5 notice of sale form (see Appendix I, *infra* ¶ 55), but those headings are only helpful if they shed light on ambiguous words or phrases. *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528-29 (1947) (finding that the title of a statute and the heading of a section of a statute are of use only when they shed light on some ambiguous word or phrase but cannot undo or limit that which the text makes plain) (cited in *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 505-06 (2000)).

¶ 37     The notice of sale form has three headings: The first heading in the section 22-5 notice of sale form is titled "Take Notice," the line for "Sold for General Taxes of (year)" is found in the first part of the section 22-5 notice of sale form, and this part of the section 22-5 notice of sale form requires the purchaser, or his or her assignee, to list the following:

          (1) the county the property is located in,

          (2) the date the property was sold,

          (3) the certificate of purchase number, and

          (4) the year of the general taxes sold, "Sold for General Taxes of (year)." See 35 ILCS 200/22-5 (West 2020); Appendix I, *infra* ¶ 55.

¶ 38     The second heading in the section 22-5 notice of sale form is titled "THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES," and the second part of the section 22-5 notice of sale form requires the purchaser or assignee to list the following:

          (1) the location of the property,

(2) the legal description or PIN for the property,

(3) the date the period of redemption will expire,

(4) that a petition for tax deed will be filed if the property is not redeemed, and

(5) the total dollar amount needed to redeem the property. See 35 ILCS 200/22-5 (West 2020); Appendix I, *infra* ¶ 55.

¶ 39　　　The third heading in the section 22-5 notice of sale form is titled "YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY," and the third part of the section 22-5 notice of sale form requires the purchaser or assignee to list the following:

(1) that redemption can be made at any time before (the redemption period expiration date) by applying to the county clerk of (Cook) County, Illinois, at the office of the county clerk, and

(2) that the above amount is subject to increase at six-month intervals from the date of sale. See 35 ILCS 200/22-5 (West 2020); Appendix I, *infra* ¶ 55.

¶ 40　　　This court will not construe a word, clause, or sentence of a statute or different sections of the statute in a way that renders any word or part superfluous. *Lakewood Nursing & Rehabilitation Center, LLC*, 2019 IL 124019, ¶ 17. We find that the purpose served by the first part of the 22-5 notice of sale form is to provide the property owner with information of the fact of the sale. All of the other information intended to be conveyed by the section 22-5 notice of sale form—(1) the date when the period of redemption will expire, (2) the information that a petition for a tax deed will be filed if the property is not redeemed by a certain date, and (3) the total amount needed to redeem—is provided in another part of the section 22-5 notice of sale form. See 35 ILCS 200/22-5 (West 2016); see also *Lowe*, 225 Ill. 2d at 212; Appendix I, *infra* ¶ 55.

¶ 41　　　We agree with the appellate court that, while the first part of the section 22-5 notice of sale form informs the property owner that the property has been sold for delinquent taxes at an annual tax sale, the second part of the section 22-5 notice of sale form serves a different purpose: to advise the property owner that the property

will go to tax deed unless redeemed by a specified date for a specified sum. See 2020 IL App (1st) 191464, ¶¶ 26, 29. Therefore, we find that the appellate court correctly held that the specific purpose of the "Sold for General Taxes of (year)" requirement is satisfied by listing the tax sale year, here 2014, of the delinquent taxes the purchaser acquired an interest in at the tax sale. See *id.* ¶ 26.

¶ 42    Devonshire, relying on section 21-240 of the Tax Code, maintains that informing the property owner of all the years for which the purchaser paid delinquent taxes in the first part of the section 22-5 notice of sale form is necessary to inform the property owner of the amount it must pay to redeem the property. We reject Devonshire's argument that section 22-5 requires the purchaser to list all of the years of delinquent general taxes *paid* by the purchaser at the tax sale in the first part of the section 22-5 notice of sale form. It should be noted that the purpose of section 22-5 is to provide the owner with notice of the sale and with notice of his or her redemption rights. 35 ILCS 200/22-5 (West 2016). While section 21-240 provides the purchaser, or his or her assignee, with notice of the payment required to complete the purchase of the property at the tax sale. *Id.* § 21-240 (section 21-240 of the Tax Code requires full payment of all delinquent taxes to complete the purchase).

¶ 43    Article 21 of the Tax Code is titled "Due Dates, Delinquencies, and Enforcement of Payments." See *id.* art. 21. The specific division of article 21 in which section 21-240 is found is titled "Annual Tax Sale Procedure." *Id.* art. 21, div. 4. The section 22-5 notice requirement is in a different article, article 22 of the Tax Code, titled "Tax Deeds and Procedures." See *id.* art. 22. Moreover, nothing in section 22-5 references section 21-240 or instructs a tax purchaser to include the information required by section 21-240 in the first part of the section 22-5 notice of sale form. We find no language in section 22-5 of the Tax Code to support Devonshire's contention. Therefore, because the language in section 22-5 is clear, we cannot give the statute the construction proffered by Devonshire. See *In re Marriage of Dahm-Schell*, 2021 IL 126802, ¶ 35.

¶ 44    We hold that the appellate court correctly held that Blossom63 satisfied the requirements of the first part of the section 22-5 notice of sale form by listing 2014 as the tax year sold without also listing the prior years of delinquent taxes it paid to complete the sale pursuant to provisions of the Tax Code. See 2020 IL App (1st)

- 13 -

191464, ¶ 29. We also agree with the appellate court that Blossom63 satisfied the requirements of the remaining part of the section 22-5 notice of sale form. Therefore, we hold Blossom63 strictly complied with all the notice requirements of the Tax Code.

¶ 45                    F. The Cases Relied on by Devonshire Are Inapposite

¶ 46        We note that Devonshire cites this court's decisions in *Gage*, 129 Ill. at 239, and *Gaither*, 2 Ill. 2d at 300, in support of its position that the notice issued by the tax purchaser or assignee must state each tax year the purchaser paid to complete the sale. We find the aforementioned cases do not support Devonshire's position.

¶ 47        In *Gage*, this court found that two notices to property owners following a tax sale were insufficient. *Gage*, 129 Ill. at 239. The first was insufficient because the notice only stated that the property was sold for taxes and special assessments levied for the year 1872 but failed to inform the property owner whether the property was sold for a tax or for a special assessment. *Id.* The second notice was insufficient because it specified the wrong date when the period of redemption would terminate. *Id.* at 240. *Gage* clearly did not interpret the language in section 22-5 requiring a tax purchaser to list "Sold for General Taxes of (year)." See *id.* at 239-40; 35 ILCS 200/22-5 (West 2016). *Gage* only holds that notices required by section 216 of the revenue act, now sections 22-5 and 22-10 of the Tax Code, must clearly state whether the taxes involved in the sale were for general taxes or special assessments and must list the proper date when the period of redemption will terminate. *Gage*, 129 Ill. at 239-40; Ill. Rev. Stat. 1889, ch. 120, § 216.

¶ 48        In *Gaither*, the property owner argued the notice was defective because it did not show for what year's tax the land was sold and did not specify whether the sale was for general taxes or special assessments. *Gaither*, 2 Ill. 2d at 300. This court held the notice in that case was not sufficient to even show substantial compliance with the statute because the notice was "completely lacking" as to whether the sale had been for taxes or special assessments or for what year's taxes or assessments the land was sold. *Id.* at 302. Although *Gaither* held the notice must identify what year's taxes or the special assessments the land was sold for, it does not address whether the year for which taxes were sold means the tax sale year or all of the delinquent tax years the purchaser paid at the tax sale. *Id. Gaither* does not address

- 14 -

the issues in this case and, therefore, is inapposite. Accordingly, we find that Devonshire's reliance on *Gage* and *Gaither* is misplaced.

¶ 49                              G. Remaining Arguments

¶ 50      Based on our findings, we have no need to address Devonshire's remaining arguments on appeal, including Devonshire's arguments (1) that the amount paid pursuant to section 22-80 should not include interest on taxes paid by the purchaser for the period between the expiration of the period of redemption and the date the order to issue a tax deed is vacated and (2) that property, not taxes, is sold at the annual tax sale. A decision on either issue would not result in any relief to Devonshire, and "this court does not render advisory opinions or decide issues that would not result in appropriate relief." See *Fillmore v. Taylor*, 2019 IL 122626, ¶ 34.

¶ 51                                  III. CONCLUSION

¶ 52      In sum, we hold that Blossom63 strictly complied with section 22-5 by listing the delinquent tax year for which the sale was held without listing the additional delinquent tax years for which it paid taxes to complete the sale. Accordingly, the judgment of the appellate court is affirmed.

¶ 53      Appellate court judgment affirmed.

¶ 54      Circuit court judgment reversed.

6420 N LONGMEADOW LLC
7225 N KOSTNER UNIT A
LINCOLNWOOD, IL. 60712-1919

TAKE NOTICE          Co. Ck. Notices
(\$13.44)+4.00=\$17.44   SEP 2 7 2016

County of Cook
Date Premises Sold    6/3/2016
Certificate No.       14-0002715
Sold for General Taxes of  2014
Sold for Special Assessment of (Municipality):    N/A
And Special Assessment Number:                     N/A
Warrant No.    N/A         INST. NUMBER:           N/A

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at 7225 N KOSTNER AVE unit A, LINCOLNWOOD, IL 60712

Legal Description or Property Index No. 10-27-424-046-1001    VOL. 195

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on 3/29/2017.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before 3/29/2017.

At the date of this notice the total amount which you must pay in order to redeem the above property is \$47,340.01.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY.

Redemption can be made at any time on or before 3/29/2017 by applying to the County Clerk of Cook County, Illinois, at the Office of the County Clerk in Chicago, Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale. Check with the county clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order or in cash.

For further information contact the County Clerk.

ADDRESS:       118 N. Clark St., Room 434        Gan C LLC
               Chicago, IL 60602                 Purchaser or Assignee
TELEPHONE:     312-603-5645                       Dated: 9/27/16.

TAX DEED NO.   2017 CDTD 002611          FILED:   April 11, 2017

## TAKE NOTICE

COUNTY OF COOK
DATE PREMISES SOLD   June 3, 2016
CERTIFICATE NUMBER    14-0002715
SOLD FOR GENERAL TAXES OF (YEAR)    2014 (2013 INCLD)
SOLD FOR SPECIAL ASSESSMENT OF (MUNICIPALITY)   N/A
   AND SPECIAL ASSESSMENT NUMBER    N/A
WARRANT NUMBER:    N/A         INST. NUMBER    N/A

### THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES.

PROPERTY LOCATED AT   UNIT A, 7225 N. KOSTNER AVE., LINCOLNWOOD, IL
LEGAL DESCRIPTION OR PERMANENT INDEX NUMBER   10-27-424-046-1001

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from sale will expire on September 13, 2017.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a Petition has been filed for a tax deed, which will transfer title and the right of possession of this property if redemption is not made on or before September 13, 2017.

This matter is set for hearing in the Circuit Court of Cook County, Richard J. Daley Center, 50 West Washington Street, Room 1704, Chicago, Illinois, at 9:30 A.M. on October 6, 2017.

You may be present at this hearing, but your right to redeem will already have expired at that time.

### YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY.

Redemption can be made at any time on or before September 13, 2017 by applying to the County Clerk of Cook County, Illinois, at the Office of the County Clerk, 118 N. Clark St., Room 434, Chicago, IL.

FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK
ADDRESS:    118 N. CLARK ST., ROOM 434
           CHICAGO, IL 60602
TELEPHONE:   (312) 603-5645

*Dorothy Brown*
CLERK OF THE CIRCUIT COURT
DATED: APRIL 11, 2017

MAIL TO THE FOLLOWING PERSONS:
(SEE REVERSE SIDE)

1. 6420 N. Longmeadow, LLC, c/o Richard Tinimbang, 7225 N. Kostner Ave., Unit B, Lincolnwood, IL 60712;

2. 6420 N. Longmeadow, LLC, c/o Don Michael Tinimbang, 7225 N. Kostner Ave., Unit B, Lincolnwood, IL 60712;

3. 6420 N. Longmeadow, LLC, c/o Donna Joann Tinimbang, 7225 N. Kostner Ave., Unit B, Lincolnwood, IL 60712;

4. Richard Tinimbang, 6451 N. Leroy Ave., Lincolnwood, IL 60712;

5. Don Michael Tinimbang, 1600 S. Indiana Ave., #1705, Chicago, IL 60616;

6. Don Michael Tinimbang, 6420 N. Longmeadow Ave., Lincolnwood, IL 60712;

7. Donna Joann Tinimbang, 4851 W. Greenleaf Ave., Unit H, Lincolnwood, IL 60712;

8. JCH Home Health Care, 7225 N. Kostner Ave., Unit A, Lincolnwood, IL 60712;

9. Occupant, 7225 N. Kostner Ave., Unit A, Lincolnwood, IL 60712; and

10. ISN Corporation, 10411 Motor City Dr., Bethesda, MD 20817.