2023 IL App (1st) 220182

No. 1-22-0182

Order filed June 30, 2023

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for the Year 2015 | ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| | ) | |
| (ALW Capital, LLC, | ) | No. 18 COTD 008158 |
| | ) | |
| Petitioner-Appellee, | ) | The Honorable |
| | ) | Alfred J. Paul, |
| v. | ) | Judge, Presiding. |
| | ) | |
| BCL-Peterson Kane, LLC, | ) | |
| | ) | |
| Respondent-Appellant). | ) | |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment and
opinion.

**OPINION**

¶ 1     5 Hole Acquisitions, Inc. (5 Hole), purchased delinquent property taxes on a property

located at 2300 W. Peterson Avenue, Chicago, Illinois (hereinafter Peterson property). After the

expiration of the redemption period, 5 Hole filed an application for an order directing the county

clerk to issue a tax deed. 5 Hole later assigned its rights, title, and interest in the certificate of purchase to petitioner ALW Capital, LLC (ALW). The circuit court granted the order directing the county clerk to issue a tax deed. Respondent BCL-Peterson Kane, LLC (BCL), filed a petition to vacate the order issuing the tax deed. The parties filed cross-motions for summary judgment on several issues raised in the petition to vacate. The circuit court denied the cross-motions for summary judgment on the issue of service of notice on BCL but granted summary judgment in favor of ALW and against BCL on the remaining issues. The parties subsequently filed cross-motions for summary judgment regarding the issue of service of notice on BCL, and the circuit court granted summary judgment in favor of ALW and against BCL on that issue. On appeal, BCL argues (1) the take notice failed to strictly comply with section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2016)); (2) ALW failed to diligently ascertain, name, and direct notice to the last tax assessee of record and four out of the six building occupants in strict compliance with sections 22-10 through 22-20 of the Property Tax Code (*id.* §§ 22-10, 22-15, 22-20); (3) ALW failed to serve notice on BCL's registered agent in strict compliance with sections 22-10 and 22-15 of the Property Tax Code (*id.* §§ 22-10, 22-15); and (4) ALW failed to diligently ascertain and cause notice to BCL's registered address. For the following reasons, we reverse the circuit court's grant of summary judgment in favor of ALW, and we grant BCL's motion for summary judgment.

¶ 2                                    I. BACKGROUND

¶ 3       On April 8, 2017, 5 Hole purchased the delinquent 2015 general taxes on the Peterson property. At the time, the Peterson property was occupied by six entities: Urgent Care, S.C.; Peterson Occupational Medicine, S.C.; Urgent Care S.C.; Peterson Medical Surgi-Center; Diversey Medical Center, S.C.; and Rehabilitation and Pain Management Institute, S.C. On June

20, 2017, the Cook County Clerk issued a certificate of purchase on the Peterson property to 5 Hole.

¶ 4 On August 2, 2017, 5 Hole delivered a take notice to the Cook County Clerk pursuant to section 22-5 of the Property Tax Code (*id.* § 22-5). The notice provides, "At the date of this notice the total amount which you must pay in order to redeem the above property is $82,355.77." The redemption amount did not include a $10 Cook County ordinance fee for the issuance of the original certificate of deposit for redemption from sold or forfeited taxes (hereinafter redemption fee) or a $3 Cook County ordinance fee for the preparation of estimate of cost of redemption (hereinafter cost of estimate fee). Cook County Ordinance No. 17-0636, §§ 2-172(a)(2), (4), 32-1 (approved Jan. 18, 2017). On November 13, 2017, BCL acquired the Peterson property through a judicial deed. The rider attached to the judicial deed lists the grantee's contact information as "BCL-Peterson Kane LLC, 450 Skokie Blvd., Ste. 604, Northbrook, IL 60062." It also instructs to mail tax bills to "BCL-Peterson Kane LLC, 450 Skokie Blvd., Ste. 604, Northbrook, IL 60062." On May 18, 2018, BCL filed a statement of change of registered agent and/or registered office with the Illinois Secretary of State. BCL named Ayman Alomari as its registered agent at the address of 10417 Emerald Avenue, Orland Park, Illinois.

¶ 5 On December 6, 2018, 5 Hole filed a petition for tax deed. The same day, 5 Hole delivered a take notice to the clerk of the circuit court of Cook County pursuant to section 22-25 of the Property Tax Code (35 ILCS 200/22-25 (West 2016)). The circuit court clerk mailed the notice to the following: BCL Peterson Kane, LLC, 450 Skokie Blvd #604, Northbrook, IL 60062; BCL-Peterson Kane LLC, c/o Ayman Alomari, Reg. Agent, 10417 Emerald Avenue, Orland Park, IL 60457; Diversity Medical Center, S.C., c/o Aref Senno, Reg. Agent, 2320 W. Peterson, Chicago,

IL 60659; Advanced Diagnostics, S.C., c/o Aref Senno, Reg. Agent, 2300 W. Peterson Avenue, Chicago, IL 60659; and Occupant, 2300 W. Peterson Avenue, Chicago, IL 60659.

¶ 6     5 Hole published notice of the tax sale in the Chicago Tribune on December 17, 18, and 19, 2018. 5 Hole also sent a take notice to the Cook County Sheriff for service pursuant to section 22-15 of the Property Tax Code (*id.* § 22-15). The sheriff's affidavit of service to the 10417 Emerald Avenue address states that the notice was served on Linda Alomari, Ayman's wife, on January 17, 2019. The affidavit of service to the 450 Skokie Boulevard address states that service was attempted on January 16, 2019, but was unsuccessful. On January 28, 2019, the sheriff sent the take notice to the Skokie address via certified mail. The notice was received and signed by Christina Del Percio on delivery.

¶ 7     On June 10, 2019, 5 Hole filed an application for an order directing the county clerk to issue a tax deed. 5 Hole subsequently assigned its rights, title, and interest in the certificate of purchase to ALW, and the circuit court granted a motion to substitute ALW as the petitioner. On July 31, 2019, the circuit court entered an order directing the county clerk to issue a tax deed and an order for possession. On August 29, 2019, BCL filed a section 2-1203 petition (see 735 ILCS 5/2-1203 (West 2016)) to vacate the order directing the county clerk to issue a tax deed alleging (1) the section 22-5 take notice listed an incorrect total redemption amount and (2) ALW failed to serve notice on (a) BCL, (b) four out of the six building occupants at the Peterson property, and (c) the last tax assessee of record. ALW filed a motion to amend the order directing the issuance of the tax deed because the order contained a typographical error in the legal description of the Peterson property. The court entered an amended order issuing the tax deed *nunc pro tunc* but stayed its order for possession.

¶ 8    On November 6, 2019, BCL filed a motion for summary judgment. In its motion, BCL alleged (1) the take notice failed to strictly comply with section 22-5 because the notice did not include $13 in Cook County ordinance fees in the total redemption amount and (2) ALW failed to serve the last known tax assessee of record. On August 25, 2020, ALW filed a response to BCL's motion and a cross-motion for summary judgment. In its cross-motion, ALW argued (1) the redemption amount listed in the section 22-5 take notice was correct and (2) the Property Tax Code did not require service to the last known assessee of record. In response to BCL's motion to vacate, ALW further asserted (1) ALW was not required to individually serve notice on four out of the six building occupants at the Peterson property and (2) ALW properly served notice on BCL. The court granted summary judgment in favor of ALW and against BCL on the issues of the redemption amount, ALW's notice to the last tax assessee of record, and ALW's notice to the four building occupants. The court denied the cross-motions for summary judgment on the issue of ALW's service of notice on BCL, finding that ALW's request to conduct additional discovery on the matter indicated that an issue of material fact still existed. BCL filed a motion to reconsider, which the court denied.

¶ 9    Discovery depositions were taken on August 17 and October 4, 2021. Linda Alomari testified that she did not remember the sheriff serving her with notice on January 17, 2019. She also testified that she did not have any involvement with BCL. Matthew Lavitola testified he was the operations manager for Barnett Truck Leasing (doing business as BCL Equipment Leasing) and had been working for Barnett Truck Leasing since January 2015. Barnett Truck Leasing's office address was 450 Skokie Boulevard, Suite 604, Northbrook, Illinois. Matthew was not familiar with and did not work for BCL Peterson Kane, LLC. Matthew also did not know Ayman

Alomari. Christina Del Percio was the secretary for Barnett Truck Leasing. On November 9, 2021, ALW filed a motion for summary judgment on the issue of service of notice on BCL. The circuit court granted summary judgment in favor of ALW and against BCL. This appeal follows.

¶ 10                                    II. JURISDICTION

¶ 11    The circuit court issued a final order on the motions for summary judgment on January 31, 2022. On February 1, 2022, BCL filed a notice of appeal. We have jurisdiction over this appeal pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 12                                    III. ANALYSIS

¶ 13    On appeal, BCL argues it is entitled to summary judgment as a matter of law because (1) the take notice failed to strictly comply with section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2016)); (2) ALW failed to diligently ascertain, name, and direct notice to the last tax assessee of record and four out of the six building occupants in strict compliance with sections 22-10 through 22-20 of the Property Tax Code (*id.* §§ 22-10, 22-15, 22-20); (3) ALW failed to serve notice on BCL's registered agent in strict compliance with sections 22-10 and 22-15 of the Property Tax Code (*id.* §§ 22-10, 22-15); and (4) ALW failed to diligently ascertain and cause notice to be served at BCL's registered address.

¶ 14    Summary judgment motions are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2016)). Pursuant to section 2-1005, summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Pielet v. Pielet*, 2012

IL 112064, ¶ 29. "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Seymour v. Collins*, 2015 IL 118432, ¶ 42. Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Pielet*, 2012 IL 112064, ¶ 53.

¶ 15    When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record. *Id.* ¶ 28. However, the filing of cross-motions for summary judgment does not establish that there is no issue of material fact, nor does it obligate a court to render summary judgment. *Id.* We review the grant of summary judgment *de novo*. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 16                                      A. Property Tax Code

¶ 17    The primary purpose of the tax deed system is to coerce tax-delinquent property owners to pay their taxes, not to assist others in depriving the true owners of their property. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 10. Hence, the legislature intended strict compliance, rather than substantial compliance, with the notice requirements of the Property Tax Code. *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 34 (*Glohry*). The tax buyer "must strictly comply with the statutory notice requirements without regard to whether any owner, occupant or other interested party was misled by the defective notice; essentially, courts assume prejudice to any respondent." *In re Application of the County Collector*, 295 Ill. App. 3d 703, 708 (1998) (*Midwest Real Estate*). The lack of strict compliance with the statute justifies a court's decision to vacate the order for tax deed. See *Glohry*, 2011 IL App (1st) 101966, ¶ 34 ("a tax purchaser will not be entitled

to a tax deed unless he gives the notice required"). The determination of whether the notice satisfied all the statutory requirements is a question of law, and we need not defer to the trial court's findings on the issue. *Midwest Real Estate*, 295 Ill. App. 3d at 705.

¶ 18                                  B. Service of Notice

¶ 19     First, we address whether ALW failed to strictly comply with the notice requirements of the Property Tax Code as it pertains to service of notice on (1) BCL, (2) four building occupants at the Peterson property, and (3) the last tax assessee of record. We begin by addressing the issue of service of notice on BCL. BCL contends ALW failed to serve notice on BCL's registered agent in strict compliance with sections 22-10 and 22-15 of the Property Tax Code. BCL also asserts ALW failed to diligently ascertain and cause notice to BCL's registered address in strict compliance with the notice provisions of the Property Tax Code. ALW claims it is not required to personally serve BCL's registered agent in *in rem* proceedings and that the sheriff's service of notice on the registered agent's wife satisfied due process of law.

¶ 20     Section 22-10 provides that a tax purchaser must give notice of the tax sale and date of expiration of the period of redemption to all owners, occupants, and parties interested in the property. 35 ILCS 200/22-10 (West 2016). Section 22-15 governs service of notice by way of sheriff. *Id.* § 22-15. Section 22-15 states, in relevant part:

> "Service of notice. The purchaser or his or her assignee shall give the notice required by Section 22-10 by causing it to be published in a newspaper as set forth in Section 22-20. In addition, the notice shall be served by a sheriff (or if he or she is disqualified, by a coroner) of the county in which the property, or any part thereof, is located or, except in Cook County, by a person who is licensed or registered as a private detective under the

Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 upon owners who reside on any part of the property sold by leaving a copy of the notice with those owners personally.

\*\*\*

The same form of notice shall also be served, in the manner set forth under Sections 2-203, 2-204, 2-205, 2-205.1, and 2-211 of the Code of Civil Procedure [(735 ILCS 5/2-203, 2-204, 2-205, 2-205.1, 2-211 (West 2016))], upon all other owners and parties interested in the property, if upon diligent inquiry they can be found in the county, and upon the occupants of the property." *Id.*

¶ 21    Notably, section 22-15 of the Property Tax Code lists several sections of the Code of Civil Procedure applicable to its service of notice requirements. Pertinent here, section 2-204 of the Code of Civil Procedure (735 ILCS 5/2-204 (West 2016)) regulates service on private corporations.[1] Section 2-204 provides:

"Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals."[2] *Id.*

---

[1]We find section 2-204 applicable to BCL where the appellate court applied section 2-204 in two cases involving limited liability companies. See *West Bend Mutual Insurance Co. v. 3RC Mechanical & Contracting Services, LLC*, 2014 IL App (1st) 123213, ¶ 15 (finding sheriff properly served limited liability company where a private corporation may be served by leaving a copy of the process with the registered agent); see, *e.g.*, *West Suburban Bank v. 2340 Franklin Park, LLC*, 2017 IL App (2d) 160228-U, ¶ 26 (finding service of notice to limited liability company complied with section 2-204).

[2]The last provision of section 2-204 regarding notice by publication or mailing is inapplicable here. Section 2-206 of the Code of Civil Procedure (735 ILCS 5/2-206 (West 2016)), which pertains to

¶ 22 Here, Ayman, BCL's registered agent, was not served notice of the tax sale. The sheriff served notice on Linda, Ayman's wife, on January 17, 2019. However, Linda testified she did not have any involvement with BCL. After serving notice to Linda, the sheriff never sent a notice via certified mail to Ayman in accordance with section 22-15. 35 ILCS 200/22-15 (West 2016) ("If any owner or party interested, upon diligent inquiry and effort cannot be found or served with notice in the county, then the person making the service shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to that party at his or her residence, if ascertainable."). No additional attempts were made to serve Ayman. Furthermore, there is no evidence that any officer or agent of BCL was served notice in accordance with section 2-204.

¶ 23 ALW does not argue that BCL was served in any other manner permitted by law. See 735 ILCS 5/2-204(2) (West 2016). BCL argues that section 1-50(a) of the Limited Liability Company Act (805 ILCS 180/1-50(a) (West 2016)) governs service of notice on limited liability companies and that ALW failed to comply with its provisions that notice must be served on BCL's registered agent or upon the Secretary of State. Assuming *arguendo* section 1-50(a) is applicable here, strict compliance with notice would fail under its provision. As previously stated, the sheriff did not serve notice on BCL's registered agent but, instead, his wife, who did not have authority to accept notice on behalf of BCL. Moreover, there is no evidence that notice was served upon the Secretary of State.

¶ 24 ALW argues that the service of notice to Ayman's wife constitutes strict compliance with the Property Tax Code because actual service is not required in *in rem* proceedings. ALW is correct in that "[d]ue process does not require that a property owner receive actual notice before the

---

service by publication and mailing, only applies when the person to whom notice is given resides out of the state, cannot be found, or is concealed within the state.

government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 37; *In re Application of the County Collector*, 225 Ill. 2d 208 (2007); *People ex rel. Devine v. $30,700.00 United States Currency*, 199 Ill. 2d 142, 156 (2002). However, the issue before us is not one of due process but whether ALW strictly complied with the notice requirements of the Property Tax Code.

¶ 25    As such, the record fails to show that notice was served on BCL, either through BCL's registered agent or its officers, in accordance with the notice provisions of the Property Tax Code. Thus, we find ALW, as assignee of the certificate of purchase, failed to strictly comply with the Property Tax Code. Accordingly, we find the circuit court erred in granting summary judgment in favor of ALW and against BCL. Because our holding on this issue is dispositive, we need not address BCL's remaining arguments concerning whether (1) the take notice strictly complied with section 22-5; (2) ALW diligently ascertained, named, and directed notice to the last tax assessee of record and four out of the six building occupants in strict compliance with the Property Tax Code; and (3) ALW failed to diligently ascertain and cause notice to BCL's registered address. A decision on these issues would not result in any relief, and "this court does not render advisory opinions or decide issues that would not result in appropriate relief." (Internal quotation marks omitted.) *In re Application of the County Collector*, 2022 IL 126929, ¶ 50.

¶ 26                                IV. CONCLUSION

¶ 27    We find ALW, as assignee of the certificate of purchase, failed to serve notice on BCL in strict compliance with the Property Tax Code. Accordingly, we reverse the circuit court's grant of summary judgment in favor of ALW, and we grant summary judgment in favor of BCL. We vacate

the circuit court's order issuing the tax deed and remand for calculation of payment to ALW pursuant to section 22-80 of the Property Tax Code (35 ILCS 200/22-80 (West 2016)).

¶ 28   Vacated and remanded with directions.

---

***In re Application of the County Treasurer & ex officio County Collector of Cook County***, **2023 IL App (1st) 220182**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-COTD-008158; the Hon. Alfred J. Paul, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Mindy S. Salyer and Amanda L. Moressi, of Salyer Law Offices, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John W. Stanko Jr., of Stanko McCarthy Law Group, Ltd., and Gregory M. Reiter, of Reiter Law Offices, Ltd., both of Chicago, for appellee. |