2023 IL App (1st) 221239

FIFTH DIVISION
December 15, 2023

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

No. 1-22-1239

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Judgment and Order of Sale Against Real Estate Upon Which General Taxes of 3 or More Years Remain Due and Unpaid, | ) ) ) ) ) ) | |
| (The City of Markham, | ) ) | Appeal from the Circuit Court of |
| Petitioner-Appellant, | ) ) | Cook County. |
| v. | ) ) | No. 2021 COTD 0003367 |
| 2825-29 W. 167th Street and Trebas, LLC, | ) ) | Honorable Alfred J. Paul, Judge Presiding |
| Respondents-Appellees). | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Lyle and Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1    The City of Markham (City) appeals from the denial of its petition for a tax deed with

respect to 35 tax-delinquent properties. The City issued a form notice, pursuant to section 22-10

of the Property Tax Code (Tax Code) (35 ILCS 200/22-10 (West 2020)), informing owners and

another interested parties that the properties had been sold for delinquent taxes and providing them

with the date on which the redemption period would expire and information for anyone wishing to

attend the hearing on the City's petition. The form itself was in 10-point type, but the table attached

to it, which listed the properties and provided the statutorily required information concerning those properties, was printed in a smaller type size. Two of the property owners, 2825-29 W. 167th Street (167th Street) and Trebas, LLC (collectively, respondents) objected to the petition, arguing that the City's notice did not strictly comply with the Tax Code's requirements. The circuit court agreed and denied the petition. The City argues on appeal that the Tax Code's 10-point type-size requirement did not apply to the table attached to its notice forms. For the reasons that follow, we disagree and affirm the denial of the petition by the circuit court.

¶ 2                                     I. BACKGROUND

¶ 3                         A. Notice Requirements in the Tax Code

¶ 4     This case concerns the City of Markham's efforts to obtain a deed for property sold at a tax sale. Under the Tax Code, the owner of such property has a right to redeem it for a period of time following the sale. *Id*. § 21-350. If the property is not redeemed, the purchaser or purchaser's assignee may petition the circuit court for the issuance of a tax deed. *Id.* § 22-30. The party seeking to obtain a tax deed "must demonstrate strict compliance with the notice requirements [of] the Tax Code." *In re Application of the Cook County Collector*, 2022 IL 126929, ¶ 31.

¶ 5     Those requirements include the following. Within 4 months and 15 days after the sale, the purchaser must prepare a notice and deliver it to the county clerk to be given to the party in whose name taxes were last assessed. 35 ILCS 200/22-5 (West 2020). That notice must be "in at least 10 point type in the [specified] form completely filled in" and include, among other information, the date of the sale, the date the redemption period will expire, and notice that a petition for a tax deed will be filed in the circuit court. *Id.*

¶ 6     Within three to six months before the expiration of the redemption period, the purchaser must give a second notice, also in a prescribed format, to the owners, occupants, and other parties

interested in the property. *Id.* § 22-10. This second notice must include much of the same information as the first but must also note that a petition for a tax deed has been filed and give the date and location of the hearing on the petition. *Id.* It too must be "in at least 10 point type in the [specified] form completely filled in," and the clerk of the circuit court must send this notice to all interested parties by certified mail. *Id.* § 22-25. This second notice must also be published in a newspaper. *Id.* §§ 22-15, 22-20.

¶ 7                                      B. The City's Petition

¶ 8      On April 7, 2021, the City petitioned the circuit court for issuance of a tax deed in this matter. The City alleged in its petition that following a tax sale on July 12, 2019, certificates of purchase for 35 tax-delinquent properties were assigned to it by the Cook County Treasurer. The City represented that it had strictly complied with all notice requirements and attached the notice it had prepared informing interested parties of the tax sale and that the statutory redemption period would expire on September 27, 2021. The City asked the court to enter an order finding that it had complied with all applicable provisions of the Tax Code and to issue it a deed of conveyance for any of the 35 properties that was not redeemed before the expiration of the redemption period. None of the properties were redeemed by the September 27, 2021, deadline, and on October 22, 2021, the City applied to the court for an order directing the county clerk to issue a tax deed. The City attached to its petition and its application for a tax deed various documents describing the properties and showing that the City was the holder of certificates of purchase for those properties, as well as copies of the required notices and proof of their service, mailing, and publication.

¶ 9      To comply with section 22-5 of the Tax Code—the first notice requirement described above—the City created 35 separate notices, one for each property, with the required information concerning that property typed directly into the form in a type size that appears consistent with

that used in the form itself.

¶ 10    To comply with section 22-10 of the Tax Code—the second notice requirement—the City took a different approach. It created a single-page notice giving the date the redemption period would expire and noting that the matter was set for hearing "in the Circuit Court of Cook County Via Zoom," with the date, time, and Zoom login information provided. In the spaces on the form for the petitioner to include the location of the property, the date it was sold, the certificate number, tax year, and legal description of the property, the City filled in "See Attached Exhibit A." That exhibit, entitled "City of Markham 2018-2019 No Cash Bid Properties," consisted of a single-page table with 35 entries, one line for each property, giving the required information. Although the parties dispute the precise size of the text used in that exhibit, they agree that it was smaller than the 10-point type used in the notice itself.

¶ 11                                C. Respondents' Objections

¶ 12    Respondents filed objections to the City's petition. Both argued that the City's section 22-10 notice failed to strictly comply with the type-size requirement in the Tax Code. 167th Street additionally argued that the City failed to include in that notice the physical location of the hearing, but appears to have abandoned that objection, not addressing it in its reply brief or mentioning it at oral argument in the circuit court on the City's petition. Only the type-size objection was ruled upon by the circuit court and only that objection is at issue on appeal.

¶ 13    In support of their objection to the type size used in the notice, respondents submitted the affidavit of George Lesniak, the owner and operator of Sir Speedy Printing. Mr. Lesniak averred that he had extensive experience using a tool called an E-Ruler to determine the type size of printed text and was able to determine that the first page of the City's section 22-10 notice was printed in 10-point type or larger but that the attached exhibit A was printed in 7-point type.

¶ 14    In its responses to the objections, the City did not challenge Mr. Lesniak's qualifications or methodology but argued that the version of the table he measured was not an accurate copy of what had been attached to the City's 22-10 notice. The City attached as an exhibit a screenshot from Adobe software, which it argued illustrated that the table was printed using nine-point type. The City argued that, in any event, the statutory type-size requirement applied only to the section 22-10 notice itself and not to any attachments to the notice.

¶ 15    The City also moved to strike the objection filed by 167th Street, on the basis that the corporation was involuntarily dissolved on November 8, 2013, and not reinstated as a limited liability corporation with the Illinois Secretary of State until March 29, 2022. The court treated this as a motion to strike for lack of standing under section 2-619(a)(2) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(2) (West 2020)) and denied the motion. Citing *Young America's Foundation v. Doris A. Pistole Revocable Living Trust*, 2013 IL App (2d) 121122, for the proposition that a defunct corporation may file a lawsuit but may not maintain it until it cures its defunct status, the court concluded that 167th Street had done so, was now a viable entity, and had standing to object to the City's petition.

¶ 16    Following a hearing held on June 3, 2022, the circuit court granted respondents' objection to the type size used in the City's section 22-10 notice. The court reasoned that the language of the Tax Code was unambiguous and required at least 10-point type. It concluded, based on both parties' evidence, that the text of exhibit A to the notice was printed in either seven-point or nine-point type and that, in either case, the City had failed to strictly comply with the statutory requirements.

¶ 17    The City requested a default prove-up for the remaining 33 properties, on the basis that no appearances or objections had been filed regarding those properties. Respondents argued against

this, on the basis that the court had made a ruling in the case that applied to all properties listed in the City's petition. Following some discussion, the court ultimately agreed with respondents, finding that, because the petition as a whole was flawed, it must be denied as to all 35 properties.

¶ 18    The City now appeals.

¶ 19                                  II. JURISDICTION

¶ 20    The circuit court denied the City's petition for a tax deed in this matter on August 1, 2022, and the City timely filed its notice of appeal on August 15, 2022. This court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 21                                  III. ANALYSIS

¶ 22                  A. Respondents' Standing to Object to the City's Petition

¶ 23    We first address the City's argument that its motion to strike 167th Street's objection should have been granted. The City points out that 167th Street was involuntarily dissolved in 2013 and not reinstated until March 29, 2022, meaning that for the first two days of the section 22-10 notice period, it was not a legal entity. The City relies on section 12.80 of the Business Corporation Act of 1983, which provides that an action can be maintained by or against a corporation for only five years after its dissolution (805 ILCS 5/12.80 (West 2020)) to argue that 167th Street could not be served because it had been dissolved for more than five years at the beginning of the notice period. As the circuit court noted, however, whether a corporation is entitled to notice because it had ceased to exist at the time the notice period began is distinguishable from whether the corporation, having received notice, may then file an objection. Here, approximately one week after the City raised the issue of 167th Street's standing, 167th Street took steps to be reinstated and regained its status as a limited liability corporation.

¶ 24 Even if it had not done so, the question of 167th Street's standing has no real bearing on the outcome of this appeal. The other respondent in this case, Trebas, LLC, raised the same objection to the City's petition. And, as 167th Street points out, the circuit court, even without the aid of objections, is charged in tax deed proceedings, which are *in rem* in nature, with determining whether the statutory conditions subsequent to a tax sale have been performed. *Young v. Madden*, 20 Ill. 2d 506, 511 (1960). Although objections may be helpful in making that determination, they are not required. *Id.*

¶ 25 We likewise reject the City's argument—applicable to the objections of both respondents—that an objecting party must pay the overdue taxes to have standing to object to a petition for a tax deed. As the City notes, section 22-80 of the Tax Code requires a party seeking to have a tax deed that was already issued *vacated* to reimburse the holder of the deed for taxes paid. 35 ILCS 200/22-80 (West 2020). But that requirement arises in a very different procedural posture. A tax deed, once issued, "is incontestable except by direct appeal from the order directing the entry of the tax deed or by a [petition brought pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401(a)) (West 2012))]." *In re Application of the County Treasurer & ex officio County Collector*, 2015 IL App (1st) 133693, ¶ 22 (citing 35 ILCS 200/22-45 (West 2020)). The party seeking to have the tax deed set aside bears the burden of proving its invalidity (*id.*) and, if successful, must also reimburse the holder of the deed for taxes paid to obtain the property (35 ILCS 200/22-80 (West 2020)).

¶ 26 Before a tax deed has been issued, however, the burden is on the petitioner to demonstrate strict compliance with the statutory requirements in sections 22-10 through 22-25 of the Tax Code. *Id*. § 22-40. Regardless of whether objections are made, the trial court also has an independent "duty under the statute to require that all conditions precedent to issuance of a tax deed have been

met" (*Vinar v. Davenport Packing Co.*, 172 Ill. App. 3d 800, 804 (1988)) and to refrain from directing the county clerk to issue a tax deed until the court itself is satisfied that there has been strict compliance. *Smith v. D.R.G., Inc.*, 63 Ill. 2d 31, 36 (1976). The requirement that a party pay taxes as a precondition for vacating a tax deed has no applicability here where the question is whether a tax deed should have been issued in the first place.

¶ 27        B. Whether the City Strictly Complied With the Tax Code

¶ 28    This brings us to the central issue on appeal: whether the City's section 22-10 notice strictly complied with the requirements of the Tax Code. Although earlier cases did not require absolute perfection in a petition for a tax deed (see *People v. Orth*, 21 Ill. 2d 205, 211 (1961)), in 1970 the General Assembly amended the Tax Code to specifically include a strict compliance requirement (*In re Application of Cook County Collector*, 100 Ill. App. 3d 178, 179-80 (1981)). The statute now clearly states that "[t]he court shall insist on *strict compliance* with Section 22-10 through 22-25." (Emphasis added.) 35 ILCS 200/22-40(a) (West 2020). And when faced with the question, "How strict is strict?" this court has concluded that our legislature's response would be, simply, "[s]trict." (Internal quotation marks omitted.) *In re Application of the County Collector*, 295 Ill. App. 3d 703, 704, 710 (1998) (*Anderson*).

¶ 29    A notice required by the Tax Code can fail to strictly comply for many reasons. In *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 15, for example, we held that inclusion of the property index number, but omission of the name of the municipality in which the property was located rendered a notice insufficient. In *Anderson*, 295 Ill. App. 3d at 705, we held a notice did not strictly comply because it did not include a complete certificate number. And in *In re Application of the County Treasurer & ex officio County Collector of Cook*, 2013 IL App (1st) 130103, ¶ 24, we held that a notice did not strictly comply

because it listed the expiration date of the redemption period on a weekend, when the Tax Code provided that weekend days should be omitted from the calculation.

¶ 30    Here, the focus of our strict compliance analysis is on the attachment to the City's section 22-10 notice. Since the City is a taxing district, the Tax Code expressly allows it to include more than one tax delinquent property in a single petition. 35 ILCS 200/21-90 (West 2020). The Tax Code also expressly provides that where, as here, the petitioner is a taxing district, "any publication made under section 22-20 of this Code may combine all such parcels within a single notice." *Id.* In issuing the single notice at issue here, the City assumed that a combining of parcels was also permitted under sections 22-10 and 22-25 of the Tax Code—which require that paper copies of notices of the petition hearing be sent by the clerk of the circuit court to all interested parties by certified mail. In contrast to section 22-90, however, neither of those sections expressly allow taxing bodies to use a single notice for multiple properties. We need not decide whether the City's assumption that a single notice is permitted under sections 22-10 and 22-25 is correct, however, because even assuming that it is, we agree with respondents and with the circuit court that the City failed to strictly comply with the type-size requirement found in section 22-10 of the Tax Code.

¶ 31    It is undisputed that the text used in the first page of the City's section 2-10 notice was in 10-point type, but that the second page, a table titled "Exhibit A," used text that was smaller than 10-point type. The City insists that the table, as an attachment to the notice, was not subject to the type-size requirement in the Tax Code. In our view, however, the table must be considered part of the City's notice because that is where all of the statutorily required information for the properties is found, including the date the premises were sold, the certificate numbers, the years sold, the special assessment numbers, the property addresses and index numbers, the property types, and the redemption dates. *Id*. § 22-5.

¶ 32    While the City may be correct that increasing the type size of the property information listed in the table would shift the information onto more than one line per property, potentially making it more difficult for property owners to locate their properties within the table, listing each property on a single line in a table of properties is not a requirement found anywhere in the Tax Code. Conveying the required information in a particular type size is.

¶ 33    The City argues that the type size of the text used in exhibit A—whether seven-point or nine-point, was clearly readable and thus there was no prejudice to anyone by their use of that exhibit to convey the statutorily required information. However, there is no burden on a party who objects to a tax deed to show prejudice. Rather, prejudice is assumed where a notice does not strictly comply with the Tax Code. *In re Application of Skidmore*, 2018 IL App (2d) 170369, ¶ 14. Petitioners are simply not free to second-guess the statutory requirements and pursue their own notions of efficiency and readability when issuing notices. They must strictly comply with the notice requirements contained in the Tax Code.

¶ 34    The City notes that certificates of purchase for these 35 properties were acquired through the Cook County No Cash Bid Program, "an economic development tool designed to assist taxing districts in acquiring tax delinquent property for reuse *** or for tax exempt purposes." It argues that a denial of its petition will lead to an unjust outcome because the properties will remain tax-delinquent and will not be developed and placed back on the tax roll. The owners of the properties, the City contends, will go on benefitting from them tax-free, and the cost of the services their taxes would have paid for will continue to fall on the shoulders of compliant taxpayers. We acknowledge the City's frustration with this result. The circuit court was reluctant to rule with such inflexibility but concluded that it was bound by the unambiguous statutory requirements. We find we are as well. The City points to the fact that courts presume the legislature did not intend to create unjust

results. *Id*. ¶ 11. However, the legislature's clear intent to require strict compliance, through its explicit use of that term in the Tax Code, cannot be set aside on grounds of perceived unfairness.

¶ 35    The result here is also not quite as unfair as the City insists. As the circuit court noted, respondents are still accountable for the unpaid taxes, regardless of this ruling. The City will need to begin the process anew—this time ensuring that it strictly complies with all notice requirements. And while that delay will of course be a cost to the City, eventually either the tax revenue will be collected, or the properties will belong to the City.

¶ 36    In addition, as respondent Trebas, LLC, points out, the City had an opportunity to correct its section 22-10 notice, but chose not to do so within the allotted time. The City filed its petition on April 7, 2021. The respondents filed their objections on February 14, 2022. Those objections specifically focused on the failure of the City to use 10-point type in the attachment to the notice. At that point, the City had approximately two months, or until April 10, 2022, to change the type size of its attachment and reissue its notice or create separate notices for each property and eliminate the need for an attachment. The City points out that the circuit court did not rule on the adequacy of the notice until August 1, 2022, but it was the City's choice to double down on its position and wait for that ruling, knowing that if it did not prevail, the time to reissue the notice(s) would have expired. Although it has no bearing on our application of the statutory requirements, the fact that the City chose not to correct its notice when it had the opportunity to do so does tend to undermine its argument that application of a strict compliance standard in this case was unjust.

¶ 37                                    IV. CONCLUSION

¶ 38    For all of the above reasons, we affirm the judgment of the circuit court denying the City's petition for a tax deed.

¶ 39    Affirmed.

*In re Application of the County Treasurer & ex officio County Collector of Cook County*,
2023 IL App (1st) 221239

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2021-COTD-0003367; the Hon. Alfred J. Paul, Judge, presiding. |
| **Attorneys for Appellant:** | Michelle Broughton-Fountain, of Flossmoor, for appellant. |
| **Attorneys for Appellee:** | Alan Meserow, of Chicago, for appellee 2825-29 W. 167th Street LLC. |
| | Kenneth W. Pilota, of Chicago Heights, for other appellee. |