2024 IL App (1st) 232251-U

No. 1-23-2251

Order filed September 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| In re Matter of the Application of the County Treasurer | ) ) | Appeal from the Circuit Court of |
| NEWLINE HOLDINGS, LLC, | ) ) | Cook County. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 19 COTD 3000 |
| ERIC CLARK, | ) ) | Honorable James R. Carroll, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court.
Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's grant of summary judgment in respondent's favor due to petitioner's failure to strictly comply with the notice provisions of the Property Tax Code.

¶ 2    Petitioner Newline Holdings, LLC (Newline) sought a tax deed to a condominium unit owned by respondent Eric Clark. The circuit court granted summary judgment in Clark's favor. On appeal, Newline argues that the circuit court should not have granted summary judgment

because (1) a genuine dispute of material fact exists as to whether Clark had notice of the tax deed proceedings and (2) the court erroneously created a requirement that tax purchasers must use the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)) to obtain voting records to identify potential occupants of properties sold at tax sales. Because we affirm summary judgment in Clark's favor based on Newline's failure to strictly comply with the notice requirements of the Property Tax Code (Code) (35 ILCS 200/22-10 *et seq.* (West 2018)), we need not reach the FOIA and voting records issue.

¶ 3                                       I. BACKGROUND

¶ 4        At a tax sale on April 4, 2017, Newline purchased the right to delinquent property taxes on unit 1505N of a condominium building located at 4800 South Chicago Beach Drive.[1] Clark owned and still owns unit 1505N. Newline's certificate of purchase for unit 1505N indicated that the amount of delinquent taxes was $147.18.

¶ 5                          A. Initial Pleadings and Service of Notice

¶ 6        Newline filed a petition for a tax deed on September 12, 2019. The Clerk of the Circuit Court of Cook County certified that, on October 1, 2019, it mailed notice of the tax sale and Newline's petition to Clark at "1095 Overlook Road, Mendota Heights, MN 55158." The notice stated that the period for Clark to redeem unit 1505N by paying delinquent taxes would expire on March 11, 2020. In addition, on September 24, 2019, the Cook County Sheriff's Office signed an affidavit stating that it served Clark via certified mail addressed to "1095 Overlook Road, Mendota

_____

[1]We reference specific addresses because they are relevant to whether Newline strictly complied with the Code's notice requirements.

Heights, IL [*sic*] 55158" on September 24, 2019.[2] A certified mail envelope addressed to Clark at "1095 Overlook Road, Mendota Heights, MN 55158" was returned to the sheriff on October 23, 2019, marked "Not deliverable as addressed" and "Unable to forward."

¶ 7    On March 9, 2020, Clark paid $3,271.80 to the clerk in an unsuccessful attempt to redeem unit 1505N. The record is unclear as to why Clark's attempt to redeem the unit failed, but Newline suggests that he paid the incorrect amount of delinquent taxes.

¶ 8    On April 29, 2020, Newline filed an application for a tax deed. On August 31, 2021, Clark filed objections to Newline's application, arguing that Newline failed to comply with the Code's notice provisions. Specifically, Clark maintained that he lived at 1095 Overlook Road, Mendota Heights, Minnesota 55118 (as opposed to 55158) and that he "was not served with any notice of the tax sale or the tax deed proceeding until after the redemption period had expired." Clark noted that the sheriff made only one attempt to serve him at an incorrect address, which was returned as undeliverable.

¶ 9                    B. Summary Judgment Proceedings

¶ 10    On February 16, 2022, Clark filed a motion for summary judgment. He argued that Newline failed to comply with the Code's notice requirements because the only notice the sheriff attempted to serve upon him in September 2019 was incorrectly addressed and returned as undeliverable. In support of summary judgment, Clark submitted his own affidavit and Newline's responses to Illinois Supreme Court Rule 216 (eff. Jul. 1, 2014) requests to admit. Clark's affidavit attested that

---

[2]The record is not clear as to whether the notice the clerk sent on October 1, 2019, is the same document as what the sheriff attempted to mail to Clark in late September 2019. However, Newline's position is that the certified mail envelope the sheriff sent to Clark contained a notice of some sort.

he never received notice of the tax deed proceedings and that, if he had received notice, he could and would have redeemed unit 1505N.

¶ 11    In response, Newline argued that the sheriff's notice was at least deliver*able* as addressed. According to Newline, the incorrect ZIP code was "an unintentional administrative typographical error that had no impact on the deliverability" of the notice. Newline also contended that the postal classification of "[n]ot deliverable as addressed, unable to forward" had a variety of meanings, including that Clark simply was "not amenable to service at the [Minnesota] property."

¶ 12    Summary judgment briefing also included a dispute about whether discovery was closed and whether Newline should be allowed to depose Clark. The court granted Newline leave to depose Clark, which Newline did. Clark testified that at some point prior to March 9, 2020, he learned from the clerk that he owed delinquent real estate taxes on unit 1505N, which "needed to be redeemed." He also testified that he tried to redeem the unit by paying $3,271.80 to the clerk on March 9, 2020.

¶ 13    Following Clark's deposition, Newline filed a surresponse to the motion for summary judgment. Newline argued that Clark's deposition revealed he "was in fact on notice of the delinquent taxes, requested redemption figures from the County Clerk prior to the redemption deadline, and made a payment attempting to redeem which ultimately failed as [he] did not pay the full amount requested by the County Clerk." Newline contended that Clark's deposition testimony contradicted his affidavit's claim that he did not receive notice of these proceedings but would have redeemed his delinquent taxes had he received timely notice. According to Newline, the contradiction between Clark's affidavit and his deposition testimony created a genuine issue of material fact that precluded summary judgment.

¶ 14    Clark filed a supplemental memorandum in support of summary judgment, which argued that his deposition testimony had no bearing on whether Newline strictly complied with the Code's notice provisions.

¶ 15    The circuit court granted summary judgment in Clark's favor. The court found that "Newline failed to strictly comply with the Notice required by Sections 22-10 through 22-25 of the Property Tax Code" because the undisputed record evidence established that the sheriff attempted to send one section 22-10 notice to Clark, which was addressed to the wrong ZIP code, returned as undeliverable, and never resent to Clark's correct address. The court concluded that Clark's affidavit and his deposition testimony did not contradict each other on the issue of whether he "received the required statutory Notice as the owner of the property."

¶ 16    Newline filed a motion to reconsider, which argued that the circuit court's summary judgment ruling (1) did not address Clark's deposition testimony that he had "actual notice" of the delinquent taxes on unit 1505N and (2) failed to view the record in the light most favorable to Newline because the court did not accept that the sheriff's notice was deliver*able* as addressed, even with the wrong ZIP code. In response, Clark argued that neither of those issues rebutted the undisputed fact that the only notice the sheriff sent to Clark's home in Minnesota was misaddressed and returned as undeliverable, and Newline made no other attempt to serve Clark. The circuit court denied Newline's motion to reconsider.

¶ 17    Newline timely appealed.

¶ 18                                II. ANALYSIS

¶ 19    Newline argues that the circuit court erred in granting summary judgment because (1) a genuine issue of material fact exists as to whether Clark had notice of the tax deed proceedings

and (2) the court improperly created a requirement that a tax purchaser must submit a FOIA request for voter records to identify potential occupants of tax sale properties. As noted above, we resolve this appeal based on the first issue and will not address the second issue.

¶ 20     A circuit court must grant summary judgment when the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, establish that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). If a reasonable person could draw divergent inferences from the undisputed facts, the circuit court must deny summary judgment. *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. We review the circuit court's grant of summary judgment *de novo* (*In re County Treasurer and ex officio County Collector of Cook County*, 2023 IL App (1st) 220182, ¶ 15), meaning that we perform the same analysis as the circuit court and may affirm on any basis apparent from the record (*In re County Collector*, 2023 IL App (1st) 210523, ¶ 18).

¶ 21                          A. The Illinois Tax Deed System

¶ 22     When a property owner is delinquent in paying real estate taxes for a certain amount of time, the county may sell the property at a public auction (tax sale) to recover the delinquent taxes. 35 ILCS 200/21-110 (West 2018). Within 4 months and 15 days of the tax sale, the purchaser must give the county clerk a notice of sale (section 22-5 notice), which the clerk must give to the person against whom taxes were last assessed. *Id.* § 22-5. The section 22-5 notice informs the owner that his or her property has been sold because of delinquent taxes and that the purchaser may file a petition for issuance of a tax deed transferring title and right to possession of the property if the owner does not redeem it. *Id.* The section 22-5 notice must include the amount required to redeem the property and the expiration date of the redemption period. *Id.*

¶ 23    "The purchaser at the tax sale does not immediately gain title to the property; rather, there is a grace period where the property owner has the right to 'redeem' the property by paying to the county clerk the delinquent taxes, as well as costs, fees, and interest." *In re County Treasurer*, 378 Ill. App. 3d 842, 846 (2007) (quoting 35 ILCS 200/21-345, 21-350 (West 2006)). "If the owner makes a valid redemption, then title to the property remains with the owner, and the tax purchaser is entitled to the redemption money only." *Id.* "However, if the owner does not redeem the property within the designated period, then the tax purchaser may petition the court for the deed to the property (known as a tax deed)." *Id.*

¶ 24    To be entitled to a tax deed, the purchaser must first send a section 22-10 notice of the tax sale and expiration date of the redemption period to the "owners, occupants, and parties interested in the property." 35 ILCS 200/22-10 (West 2018). The purchaser must send the section 22-10 notice "not less than 3 months nor more than 6 months prior to the expiration of the period of redemption." *Id.* The sheriff of the county in which the property is located must serve the section 22-10 notice. *Id.* § 22-15. If the property owner is not located in that county, then the tax purchaser "shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to [the owner] at his or her residence, if ascertainable." *Id.* "The sheriff *** serving notice under Section 22-15 shall endorse his or her return thereon and file it with the Clerk of the Circuit Court and it shall be a part of the court record." *Id.* § 22-20.

¶ 25    The Code expressly requires strict compliance with these notice provisions. *Id.* § 22-40; *In re County Treasurer*, 2023 IL App (1st) 220182, ¶ 17. If a tax purchaser does not strictly comply with the notice requirements, the court will assume prejudice to the property owner regardless of whether he or she was actually misled by the defective notice. *In re County Treasurer*, 2023 IL

App (1st) 220182, ¶ 17. Furthermore, if a tax purchaser does not strictly comply with the notice requirements, then the purchaser is not entitled to a tax deed to the property. *Id.*

¶ 26                                     B. Notice to Clark

¶ 27     Newline contends that a genuine issue of material fact exists as to whether Clark received the notice that the Code requires. According to Newline, Clark initially claimed in an affidavit that he never received notice of the tax sale or tax deed proceedings, but at his deposition, he testified that he received notice from the clerk and explained that is why he attempted to redeem his taxes two days before the redemption period expired. "A genuine issue of material fact exists where the facts are in dispute or where reasonable minds could draw different inferences from the undisputed facts." *Libolt v. Wiener Circle, Inc.*, 2016 IL App (1st) 150118, ¶ 24.

¶ 28     The parties do not dispute that Clark lived at 1095 Overlook Road, Mendota Heights, Minnesota 55118 during the notice period, which was September 11 to December 11, 2019. Moreover, the parties do not dispute that the notice Newline gave to the sheriff for service upon Clark was addressed to the wrong ZIP code, 55158 instead of 55118. The parties also do not dispute that, in September 2019, the sheriff mailed that notice to the incorrect address that Newline provided. Additionally, the parties do not dispute that the notice was returned to the sheriff on October 23, 2019, marked "Not deliverable as addressed." Finally, the parties do not dispute that, after the notice was returned as undeliverable, Newline made no other attempt to serve a section 22-10 notice upon Clark at his Minnesota residence. These undisputed facts support summary judgment in Clark's favor because they establish that Newline did not strictly comply with section 22-10's requirement that a tax purchaser, via the sheriff, must "give[ ] notice of the sale and the date of expiration of the period of redemption to the owner[ ]" of the property. See 35 ILCS 200/22-

10 (West 2018). Accordingly, Newline is not entitled to a tax deed to unit 1505N and summary judgment in Clark's favor is proper. See *In re County Treasurer*, 2023 IL App (1st) 220182, ¶ 27.

¶ 29    Newline argues that Clark's deposition testimony establishes that he received timely notice of the tax deed proceedings via the clerk, which is why he attempted to redeem unit 1505N on March 9, 2020. According to Newline, Clark's deposition testimony creates a genuine issue of material fact as to notice. We disagree. Clark's affidavit and his deposition testimony do not contradict each other with respect to Newline's noncompliance with section 22-10. Clark's affidavit in support of his motion for summary judgment stated that he "was not served with any notice of the tax sale or the tax deed proceeding until after March 11, 2020," and that if he "had received timely notice of the tax sale or of this tax deed proceeding, [he] could and would have redeemed from the tax sale." At his deposition, Clark testified as follows:

> "Q. So did you make a payment of $3,271.70 to the Cook County Clerk on March 9th, 2020?
>
> A. I did.
>
> Q. How did you know to make that payment prior to the—as you indicate the expiration date of March 11th, 2020 if you had no notice of the case?
>
> [CLARK'S COUNSEL]: Objection. Objection. Compound question. The last part of that sentence was separate from the rest of the sentence. There has been no testimony regarding Mr. Clark's knowledge of the tax deed case.
>
> THE WITNESS: I got this information from the Cook County Clerk's Office regarding taxes owed that need to be redeemed.
>
> ***

Q. You just indicated that the County Clerk told you about the delinquent taxes to make the payment on March 9th, 2020; is that correct?

[CLARK'S COUNSEL]: No. Objection. That's not what he testified to. Mischaracterizes the testimony. Also irrelevant to the case. You can go ahead and answer.

THE WITNESS: I received notice from the County Clerk's office of the taxes due.

***

Q. So you were aware of the delinquent taxes prior to the expiration date of redemption; is that correct?

A. Yes.

[CLARK'S COUNSEL]: Objection.

[NEWLINE'S COUNSEL]: I have no further questions at this time."

¶ 30    Clark's affidavit and deposition testimony do not contradict each other with respect to the central issue at summary judgment, which is whether Newline, via the sheriff, served a section 22-10 notice upon Clark. The record is clear that did not occur. That conclusion is true even viewing the record in the light most favorable to Newline and without making any credibility determinations as to Clark. There is no record evidence that the sheriff ever served a section 22-10 notice upon Clark. "[I]n order to survive a motion for summary judgment, the nonmoving party must present a factual basis that would arguably entitle the party to a judgment." *Weisberger v. Weisberger*, 2011 IL App (1st) 101557, ¶ 42. Newline has failed to do so.

¶ 31    We acknowledge that Clark's affidavit and deposition testimony are not entirely consistent. Clark's affidavit stated that he "could and would have redeemed from the tax sale" had he received timely notice. But at his deposition, Clark revealed that he did, in fact, attempt to redeem on March

9, 2020, two days before the redemption period expired. Perhaps Clark was drawing a fine distinction between *successfully* redeeming unit 1505N, which would have been possible had he received proper notice, and his unsuccessful *attempt* to redeem the property, which was all he managed to accomplish without proper notice. However, a more straightforward reading paints two rather different pictures: one in which Clark never attempted to redeem unit 1505N, as his affidavit suggested, and one in which he did, as he testified at his deposition.

¶ 32 Regardless, that inconsistency does not change our conclusion. Even if Clark's deposition testimony indicated that he received some sort of notice or information from the clerk—perhaps a section 22-5 notice—nothing in his deposition suggested that he received a section 22-10 notice from the sheriff.[3] Newline did not ask Clark any questions about the section 22-10 notice the sheriff attempted to mail to him in September 2019. As a result, Clark's deposition reflects only a vague statement that he somehow, at some point in time, learned from the clerk that he owed property taxes on unit 1505N. That is not sufficient to create a genuine issue of material fact regarding whether Newline served Clark with a section 22-10 notice.

¶ 33 Furthermore, we reject Newline's implication Clark cured Newline's failure to comply with section 22-10 by independently learning that he needed to redeem the delinquent taxes on unit 1505N. The Code requires "strict compliance with [the notice provisions] of Sections 22-10 through 22-25." 35 ILCS 200/22-40 (West 2018). "And when faced with the question, 'How strict is strict?' this court has concluded that our legislature's response would be, simply, '[s]trict.' " *In re County Treasurer*, 2023 IL App (1st) 221239, ¶ 28 (quoting *In re Application of the County*

---

[3]When Newline's counsel showed Clark the 22-5 notice at his deposition, he testified that he did not recall seeing it.

*Collector*, 295 Ill. App. 3d 703, 704 (1998)). Newline sending a notice to the wrong ZIP code and never making a second attempt at service even after the notice was returned as undeliverable does not meet that standard.

¶ 34 As an illustration of how strictly a tax purchaser must comply with the Code's notice requirements, this court recently precluded a tax purchaser from obtaining a tax deed because one page of the section 22-10 notice was not in 10-point font as the Code requires. *In re County Treasurer*, 2023 IL App (1st) 221239, ¶¶ 31-36. This court has also vacated a tax deed due to the omission of four digits of a certificate of purchase number on a section 22-10 notice even though that omission did not prejudice or mislead the property owner, who, like Clark, attempted to redeem his property. See *Application of County Collector*, 295 Ill. App. 3d 703, 707-711 (1998).

¶ 35 Newline also argues that it acted with "due diligence" in serving a section 22-10 notice upon Clark because it *tried* to serve him and Clark somehow acquired knowledge of the delinquent taxes anyway. But "a tax deed petitioner must exercise due diligence to locate *and notify* parties interested in the property." (Emphasis added.) *In re County Treasurer and ex officio County Collector of Cook County*, 2022 IL App (1st) 211511, ¶ 38. Newline exercised due diligence in identifying Clark, but it did not exercise due diligence in notifying him. After the section 22-10 notice was returned as undeliverable, Newline did nothing. The fact that Clark somehow became aware of the delinquent taxes on unit 1505N does not excuse Newline's lack of action. See *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("Knowledge of delinquency in the payment of taxes is not the equivalent to notice that a tax sale is pending.").

¶ 36 Finally, Newline cites *People v. Orth*, 21 Ill. 2d 205 (1961), for the proposition that "absolute perfection is not required in a tax foreclosure proceeding or in a petition for a tax deed,

but, rather, it is only required that a reasonable opportunity be given to interested parties so that they may protect their interests." *Id.* at 211. *Orth* was superseded by statute in 1970, when the legislature amended the Code to require strict compliance with the notice provisions. *In re County Treasurer*, 2023 IL App (1st) 221239, ¶ 28 (citing *In re Application of Cook County Collector*, 100 Ill. App. 3d 178, 179-80 (1981)). Accordingly, we affirm summary judgment in Clark's favor.

¶ 37    Because we affirm summary judgment in Clark's favor based on Newline's failure to strictly comply with section 22-10, we need not address Newline's additional arguments regarding whether it was required to submit a FOIA request for voter records to identify the occupant of unit 1505N. See *United Equitable Insurance Co. v. Thomas*, 2021 IL App (1st) 201122, ¶ 45 (we may affirm a grant of summary judgment on any basis apparent from the record); see also *Enbridge Pipeline (Illinois), LLC v. Kiefer*, 2017 IL App (4th) 150342, ¶ 59.

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 40    Affirmed.